## CIRCUIT COURT OF THE CITY OF RICHMOND

Bremner, Baber and Janus

v.

Michael J. Morrissey

### Case No. LR-447-1

By JUDGE RANDALL G. JOHNSON

May 3, 1990

This case is presently before the court on various motions filed by the parties, including each party's motion for sanctions against the other pursuant to Va. Code Section 8.01-271.1. At a hearing on April 17, 1990, the court informed counsel how it would rule on the motions; however, the court indicated that it wanted to set forth in writing its reasons for awarding sanctions against the defendant.

This case is an appeal by defendant from a judgment of the general district court awarding $2,000 to plaintiff, a Richmond law firm, for legal fees owed to it by defendant. A jury trial was held on February 15, 1990, resulting in a plaintiff's verdict for $2,000. Defendant, also a Virginia lawyer, represented himself at trial. After the jury was excused and defendant's motion to set aside the verdict was overruled, defendant and counsel for plaintiff asked the court not to enter judgment immediately so that (1) the parties could attempt to work out a settlement of a nonsuited counterclaim; and (2) if no settlement could be reached, defendant could pay the amount of the verdict without having a judgment appear on his credit record. The court agreed to this request.

On March 6, having heard nothing from the parties, the court wrote to counsel reminding them of their request

and asking that some action be taken to conclude the case. In response, defendant sent to the court an "informal note on status" dated March 12 accompanied by a sketch order which read as follows:

### ORDER GRANTING DISMISSAL

THIS MATTER came before the court on the motion of both parties hereto to have this case dismissed, with prejudice, and settled between the parties; and there being no objections thereto and it being agreed between the parties, it is therefore

ORDERED that this case is hereby dismissed with prejudice and settled between the parties.

The note itself read:

Informal Note on Status to Judge Johnson

The attached order is in the process of being prepared and executed between the parties. This is not submitted to be entered at this time but, pursuant to prior correspondence to the court, to give the court notice of the status and the parties [sic] intention to have this matter dismissed by way of settlement, as indicated.

A final proposed order with signatures of the parties will be submitted separately to the court by messenger delivery to chambers.

On March 30, having heard nothing further from counsel, the court entered an order reciting the jury's verdict and continuing the case generally to allow the parties to reach a settlement. Copies of the order were mailed to counsel. A few days later, defendant called the court's secretary and set a hearing for April 17 on a motion for a mistrial. He did not tell the secretary what grounds he would rely on in seeking a mistrial, nor did he communicate with plaintiff's counsel either before or after setting the hearing. Instead, plaintiff's counsel was advised of the hearing by the clerk's office.

On April 16, plaintiff filed a "Motion for Entry of Judgment on Verdict." That motion recited the fact of the jury verdict, the delay in the entry of judgment, the fact that the parties were unsuccessful in reaching a settlement, and the fact that plaintiff had received no notice of the April 17 hearing from defendant. Plaintiff further alleged that defendant's motion for mistrial had no good faith basis in fact or law and was made solely to cause unnecessary delay and to increase the cost of litigation. The certificate appended to the motion showed service on defendant by mail on April 12.

On April 17, a commercial messenger arrived at judge's chambers one minute before the time the hearing was scheduled to start with three unsigned, written motions from defendant: a motion to dismiss, a motion for mistrial, and a motion to strike and for sanctions. The certificate, also unsigned, stated that copies were hand delivered to plaintiff's counsel on April 17. Actually, plaintiff's counsel was in the judge's waiting room when the messenger arrived, and it was then that he received his copy. Defendant arrived approximately five minutes later, four minutes after the hearing he had scheduled was supposed to start.

Prior to starting the hearing, the court asked defendant if he was attempting to file the written motions delivered by the messenger. He said that he was. He was then asked to sign the motions, which he did. The court agrees with plaintiff that none of the motions submitted by defendant is "well grounded in fact [or] is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and [was] interposed . . . to cause unnecessary delay or needless increase in the cost of litigation." Va. Code § 8.01-271.1. An analysis of each motion confirms this fact.

## 1. Motion To Dismiss

The body of defendant's "Motion to Dismiss," in its entirety, reads as follows:

## *MOTION TO DISMISS*

This matter came before the court on defendant's motion to dismiss, and following presentation by both parties on said motion, it is hereby
ORDERED that this case shall become, and hereby is, dismissed with prejudice.

Giving defendant every benefit of the doubt, and ignoring the fact that this "Motion" is actually a sketch order, the court asked defendant to explain his basis for seeking a dismissal of the case. In response, defendant stated that since he had deposited cash in lieu of an appeal bond in the clerk's office, the court, *on its own and without entering judgment*, should have directed the clerk's office to pay $2,000 to plaintiff. If it had done so, continued defendant, the case could now be dismissed. Since it was not done, the case *must* now be dismissed with prejudice. This argument cannot possibly be made in good faith.

First, the court acts through its orders and judgments. A judge cannot "direct" the clerk's office to pay proceeds from a bond. The court must order such distribution. Second, and more important, is that *the parties* asked the court to take no action until they could attempt a settlement or until defendant paid the $2,000. Obviously, when no settlement could be achieved, defendant could have paid the $2,000 and had the money in the clerk's office returned to him; or an order could have been entered, *at the request of the parties*, dismissing the case upon payment of the $2,000 out of the cash deposited by defendant in the clerk's office. For defendant to now assert, however, that the burden was on the court to unilaterally have the money paid after plaintiff *and defendant* specifically asked that nothing be done and to further assert that since the court did not "direct" such payment, the case should now be dismissed, is patently frivolous and a violation of § 8.01-271.1.

## 2. *Motion For Mistrial*

Similarly, each of the grounds set out in defendant's motion for mistrial are also not well grounded in fact

or law. First, defendant argues that the jurors were not unanimous in their verdict because "[u]pon polling of these jurors, it is clear that at least two of the jurors did not agree with the amount to be awarded, and that fact is inconsistent with the court's instructions to the jury." In fact, counsel *stipulated*, prior to the jury being instructed, that the only two possible verdicts in this case were a verdict for defendant, or a verdict for plaintiff *in the amount of $2,000*; that is, *if plaintiff won, it had to win $2,000*. In fact, the verdict form submitted to the jury, *and approved by the defendant*, had (1) a verdict for defendant and (2) a verdict for plaintiff *"in the amount of $2,000."* Emphasis added. Thus, while it is true that two jurors did express some hesitance about the amount awarded, they and the other jurors were firm in their decision that the verdict should be in plaintiff's favor. In light of counsel's stipulation concerning the amount of the verdict if it was for plaintiff, defendant's reliance upon the jury poll as a ground for mistrial violates § 8.01-271.1.

Defendant's second ground for a mistrial is that he had engaged counsel for trial and that the court should have continued the case when that counsel did not appear. In fact, defendant told the court when the case was called for trial that he had retained Lawrence D. Wilder, Jr., to represent him. The court took a recess and had its secretary call Mr. Wilder's office. Mr. Wilder was not in, and his office had no knowledge of his representation of defendant. The court went on with the case. Later that afternoon, Mr. Wilder called the court and told the court's secretary that he did not represent defendant.

In light of the above, the court has two observations. First, the court is not obligated to grant a continuance of a trial when a lawyer is late or absent. This case had been properly set for trial, the parties had ample notice of the trial date, a jury had been called and was present, and the case had previously been continued. No good cause for another continuance was present.

Second, and more disturbing to the court, is the fact that if Mr. Wilder *had* been retained by defendant, why did he (Mr. Wilder) call the court and leave word with the court's secretary that he had not been retained? Moreover, why, in the two-month period since the trial,

had Mr. Wilder himself not contacted the court to make an appropriate motion for the defendant? And why did Mr. Wilder not accompany defendant to the April 17 hearing, or at least provide an affidavit or letter for defendant to submit in support of his motion? Considering these factors, defendant's arguments based on Mr. Wilder's absence from the trial are, at worst, a blatant misrepresentation to the court which warrants action by the appropriate disciplinary committee of the Virginia State Bar. At best, they are a violation of § 8.01-271.1 and a ground for sanctions by this court.

Next, defendant argues that Theodore Brenner, a partner in the plaintiff law firm, was improperly allowed to testify as an expert witness after plaintiff failed to identify him as an expert in answers to interrogatories. This ground, too, is utterly without support since after initially objecting to expert testimony from Mr. Brenner, and while the court was listening to counsel's arguments on the objection, *defendant withdrew his objection.*

Finally, defendant states that neither this court nor the district court ever obtained jurisdiction over him because of a defect in service. That argument, however, was the subject of an extensive pretrial hearing before another judge of this court and was decided against defendant. While the court agrees that defendant has consistently preserved his objection to jurisdiction and that such objection may be raised on appeal, the fact that it had already been ruled upon after an extensive hearing makes the filing of a new motion, as well as the scheduling of a hearing to once again argue that motion, at least questionable. Moreover, defendant had also moved, immediately after trial and before requesting a delay in the entry of judgment, to set aside the verdict on the same jurisdictional grounds raised in the present motion. While the court wants to do nothing to discourage lawyers from making proper and valid motions, including motions to reconsider previous adverse rulings, such motions cannot be filed *ad infinitum* without incurring sanctions. Since defendant had already had two bites at the jurisdictional apple in this court, and in light of the other factors already discussed and those still to be discussed, the court finds that defendant's motion for mistrial on this ground is also violative of § 8.01-271.1.

### 3. *Motion To Strike And For Sanctions*

Written motions are supposed to inform the court and opposing counsel of "the true nature of the claim or defense." Rule 1:4(d) of the Rules of the Supreme Court of Virginia. With that in mind, consider the following, which is the entire body of defendant's motion to strike and for sanctions:

#### MOTION TO STRIKE AND FOR SANCTIONS

COMES NOW Defendant [*sic*] files this motion to strike matters presented by counsel for plaintiff in this case, and for an award of appropriate sanctions, including costs to defendant.

In support of this motion, defendant will present to the court at the time of hearing matters on the basis of which this motion should be granted.

This pleading does not even remotely comply with Rule 1:4(d). All defendant says is that he will ask the court to strike certain unspecified matters for certain unspecified reasons. If we want to know more, we had better be at the hearing. This is not how law is practiced in this court.[1]

Moreover, at the hearing, defendant explained that what he wanted to strike were references, in plaintiff's motion for entry of judgment on verdict, to the fact that the parties had been unable to settle their differences. These references should be struck, argued defendant, because settlement discussions should not be raised in court pleadings. This argument is frivolous.

This case was continued generally, and judgment was not entered immediately after the verdict, because the parties wanted a chance to reach a settlement. Settlement

---

[1] Of course, since the motion was only tendered to the court one minute before the hearing, counsel and the court did not have to wait too long to learn defendant's grounds.

discussions subsequently became fruitless. Plaintiff wanted judgment to be entered. In seeking entry of judgment, plaintiff informed the court *why* it was seeking entry of judgment. Nothing was said about the substance of the parties' settlement discussions; only that settlement could not be achieved. Absolutely nothing improper is contained in plaintiff's motion, and the court cannot believe that any competent lawyer would think there is. Defendant's motion to strike *and for sanctions* is simply not warranted by any fact or law even remotely relevant to this case.[2]

In summary, the court finds that each of defendant's motions is without merit, groundless, and frivolous. The motions are so groundless, in fact, as to evince, by themselves, no purpose other than to delay needlessly the entry of judgment against defendant. Accordingly, sanctions will be entered against defendant in the sum of $898.70, representing costs and attorney's fees incurred by plaintiff in preparing for and attending the April 17 hearing, and the $75 per diem cost of the court reporter who attended that hearing, for a total of $973.70, which will be a judgment against defendant in favor of plaintiff.[3]

### July 23, 1990

I have reviewed Mr. Morrissey's response to Mr. OBrion's objection to the filing of an incomplete transcript. The resolution of this matter is quite simple. Rule 5:11 of the Supreme Court of Virginia provides that "*[t]he* transcript of any proceeding is a part of the record when *it* is filed in the office of the clerk of the trial

---

[2] It is bad enough that defendant would ask to strike anything in plaintiff's motion. To seek sanctions is absolutely incredible.

[3] To the extent the sanctions imposed here exceed those sought by plaintiff, they are imposed by the court sua sponte. Moreover, while the court is inclined to believe that an additional amount above actual fees and expenses should be awarded to deter similar conduct by this lawyer in the future, the court has no other experience with defendant upon which to make a rational decision as to whether such additional sanction is appropriate or necessary. Accordingly, no additional amount will be imposed.

court within 60 days after entry of judgment." Emphasis added. Every other reference to transcript in that rule is also to *the* transcript. There simply is no provision for filing a partial transcript. Accordingly, since Mr. Morrissey's amended notice of appeal states that the transcript will be filed, he is now ordered to file the complete transcript.

With regard to Mr. Morrissey's request that the court "certify or otherwise include" certain fact statements as part of the record, that request is denied. First, that statement itself is incomplete and misleading. Second, Rule 5:11 requires that any written statement of facts, testimony, or other incidents of the case be filed within fifty-five days of entry of judgment. Judgment was entered in this case on May 3, 1990. Thus, any written statement had to be filed by June 27.