**CIRCUIT COURT OF THE CITY OF RICHMOND**

Michael J. Morrissey

v.

Linda Jennings

September 30, 2002

Case No. LM-1253-4

BY JUDGE RANDALL G. JOHNSON

Michael Morrissey filed this action on May 23, 2001. The ten-page motion for judgment alleges that defendant, Linda Jennings, who is an attorney and who in February 2000 was appointed by the Circuit Court of the County of Henrico as guardian for Morrissey's mother, Dorothy L. Morrissey, took various actions as guardian that were improper. For example, Morrissey alleges that Jennings prevented Morrissey from visiting with his mother; that Jennings did nothing to see that Morrissey's mother received proper physical therapy or had her lost dentures replaced; that Jennings did nothing to prevent Morrissey's mother from being improperly released from a hospital; that Jennings improperly had Morrissey's mother admitted to a nursing home in Harrisonburg, Virginia; that Jennings refused to allow Morrissey's mother to return home with Morrissey; and that Jennings later improperly allowed Morrissey's mother to be discharged from the Harrisonburg nursing home. The motion for judgment seeks damages in the amount of $1,000,000 for defamation; fraud and misrepresentation; "Violation of Constitutional Rights, Including That to the Peace, Privacy and Enjoyment of the Family Bond;" intentional infliction of emotional distress; negligence; and wrongful death.

At the time the motion for judgment was filed, Morrissey did not request service. He did not request service until June 3, 2002, and service was made

on June 10. On June 28, Jennings filed her grounds of defense and motion to transfer venue. On July 1, Jennings filed pleas of the statute of limitations and res judicata, a demurrer, and a motion for summary judgment. Notice of a hearing to be held on all of defendant's pleadings at 10:30 a.m. on September 19, 2002, was mailed to Morrissey on August 1. Shortly before 10:00 a.m. on September 19, the court's secretary received a telephone call from Morrissey indicating that Morrissey wanted to take a nonsuit of his action. Morrissey did not speak to a judge of the court. At 10:00 a.m., one-half hour before the hearing was to begin, the clerk's office received a fax from Morrissey stating that he was out of state and unable to attend the hearing. The fax also indicated that Morrissey had informed defendant's counsel that he would be taking a nonsuit of the action and that a "more formal pleading of Notice of Nonsuit is being mailed to the court for filing in the case." No formal notice or motion for nonsuit has been filed.

At the hearing on September 19, Jennings appeared with her counsel and asked the court to sustain her demurrer, plea of the statute of limitations, and plea of res judicata. Counsel also pointed out that service of process had occurred more than one year after the motion for judgment was filed, thus precluding entry of judgment for Morrissey in the action. *See* Supreme Court Rule 3:3(c). Lastly, Jennings' counsel asked for sanctions against Morrissey pursuant to Va. Code § 8.01-271.1. Because the court had before it no formal motion for a nonsuit and because defendant's demurrer was properly noticed and was well grounded, more about which will be said later, the court indicated that the demurrer would be sustained. The motion for sanctions was taken under advisement. No ruling was made on defendant's other motions and pleas.

Virginia Code Section 8.01-271.1 provides, in pertinent part:

Every pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, and the attorney's address shall be stated on the first pleading filed by that attorney in the action. A party who is not represented by an attorney ... shall sign his pleading, motion, or other paper and state his address.

The signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any

improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation....

If a pleading, motion, or other paper is signed or made in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed the paper or made the motion, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee.

From the face of the motion for judgment and from other facts known to the court, sanctions are appropriate.

Michael Morrissey is not new to this court. He is a former lawyer. He has been disbarred. In 1990, before his disbarment, he was the defendant in an action in the general district court brought by a local law firm to recover attorneys' fees for representing him in a contempt proceeding. After judgment was entered against him in the district court, he appealed to this court. His actions in that case resulted in this court imposing sanctions against him, *see Bremner, Baber & Janus v. Morrissey*, 19 Va. Cir. 324 (1990), and in his disbarment. Order of the Supreme Court of Virginia entered June 5, 1992, Record Nos. 910738 and 910739. Since his disbarment, he has seemingly devoted his entire life to harassing as many people as he can by filing frivolous lawsuits.

This court does not profess to know the full extent of Morrissey's filings. Among the actions this court is aware of are the following:

1. A suit filed in the United States District Court for the District of Columbia in April 1993 naming approximately 50 defendants. The suit sought redress for the revocation of his license to practice law in the District of Columbia based on his disbarment in Virginia. Among the named defendants were at least 25 lawyers and three law firms, the District of Columbia Bar Association, the Board on Professional Responsibility of the District of Columbia Court of Appeals, the District of Columbia Court of Appeals and each of its members, the undersigned judge of this court, the Virginia State Bar, the Supreme Court of Virginia and six sitting members of the Virginia Supreme Court, and a "John Doe substitute member of the Va. Supreme Court." The suit was dismissed on defendants' motions.

2. A suit filed in the United States District Court for the Eastern District of Virginia in July 1994 naming most of the same defendants as were named in the District of Columbia action. The suit sought redress for "the deprivation of

plaintiff's constitutional and civil rights, which rights are guaranteed by the Due Process Clause of the Fifth Amendment, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the Constitution of the United States." That suit was also dismissed on motion.

3. Four suits filed in this court in 1993 or 1994 against the undersigned judge and several lawyers, including a lawyer who was on the Virginia State Bar Disciplinary Board that disbarred Morrissey. Those suits were dismissed and sanctions in the amount of $500 each were imposed on Morrissey in favor of five defendants/lawyers. Morrissey was also enjoined from bringing "any further suit that is based upon the facts that form the bases of the Virginia State Bar disciplinary actions against plaintiff in any jurisdiction in the Commonwealth against any of the defendants … without leave of a judge of this Court and without first demonstrating to a judge of this Court that plaintiff has complied with all prior Orders of the court."[1]

4. A similar suit filed in the Circuit Court of the County of Fairfax in January 1992 against the undersigned and others based on Morrissey's disbarment. The suit was dismissed on motion.

5. A suit filed in the Circuit Court of the City of Alexandria against the same defendants. The suit was dismissed on motion.

With regard to the situation involving his mother and the guardianship in Henrico County, Morrissey's conduct has also been harassing:

1. At least two suits in the United States District Court for the Eastern District of Virginia against the County of Henrico, the Henrico County Sheriff's Department, Judge A. L. Harris of the Henrico County Circuit Court, a former guardian of his mother's estate, and others, alleging impropriety in the handling of his mother's guardianship. When the cases were dismissed, he appealed to the United States Court of Appeals for the Fourth Circuit. The first case was affirmed on appeal. *Morrissey v. Jackson*, 165 F.3d 911 (4th Cir. 1998). The second appeal was dismissed without oral argument. *Morrissey v. County of Henrico*, 202 F.3d 259 (4th Cir. 1999).

2. A suit in the Circuit Court of Henrico County against a former guardian and against a lawyer against whom Morrissey's allegations were, according to the written opinion dismissing the case, "so slight as to be effervescent." Opinion dated June 6, 2002, in Case No. CL00-1061, Circuit Court of the County of Henrico. The Henrico court imposed a sanction against Morrissey of $1,200 in favor of each defendant.

---

[1] The order quoted from above was entered by a judge other than the undersigned. In fact, the case in which the undersigned was named a party was assigned at the request of this court to a judge from a different circuit.

3. A suit against a different former guardian of his mother's estate and others in Hanover County. That suit was dismissed on motion in March 2002.

4. More than 20 cases currently pending in this court in which Morrissey is the plaintiff. Ten of those cases, including this one, are against the three former guardians of his mother's estate, all claiming some type of wrongful treatment by the guardians of his mother or of him. The other cases are against lawyers, nursing homes, a hospital, and the County of Henrico.

As can be seen, Morrissey is not a neophyte when it comes to filing lawsuits. While this court sometimes makes allowances for *pro se* litigants who, although believing in good faith that they have valid and enforceable claims, file actions that have no basis in law, this court will make no allowance for Morrissey. His filings are not the filings of a person who believes in good faith that he has valid and enforceable claims. His filings have the sole purpose of harassing those persons whom he feels have wronged him, and it makes absolutely no difference to him that his claims have no basis in fact or law. The perfect example of the last point is this very case. With this case lying dormant for over a year with no request for service, Morrissey first requested service *after* being sanctioned by the Circuit Court of Henrico County for making the same claims against a different guardian and after yet another case against another guardian had been dismissed in Hanover. This court is convinced that Morrissey has decided that, no matter what, he is going to make life as difficult as he can for anyone who crosses him. With that in mind, the court will now consider defendant's request for sanctions in this case.

As noted earlier, the court indicated at the hearing on September 19 that the demurrer would be granted. This was done even though the court had received Morrissey's telephone message, left with the judge's secretary, that he would be moving for a nonsuit, and even though the court had received Morrissey's fax indicating that a nonsuit would be taken. Motions in cases before this court are not made to judges' secretaries; nor does this court accept motions by fax. Motions are made by appropriate filings in the clerk's office or orally in open court. Mr. Morrissey, a former lawyer with extensive litigation experience both before and after he was disbarred, knows that. His telephone message and his fax were, in the court's opinion, simply further examples of his "playing with the system." Moreover, even if the court did not sustain defendant's demurrer or other pleas and allowed Morrissey to take a nonsuit, a consideration of sanctions would still be appropriate. A plaintiff cannot file a frivolous lawsuit, require a defendant to expend money and time to respond, and then escape sanctions simply by taking a nonsuit. As long as the case remains within the jurisdiction of the court, a motion for sanctions may be entertained or the court can, "upon its own initiative," impose

sanctions. *Concerned Taxpayers v. County of Brunswick*, 249 Va. 320, 332-33, 455 S.E.2d 712 (1995).

The motion for judgment contains six counts. Count I is for defamation. The only "factual" support for that claim is contained in Paragraph 15 of the motion for judgment. After alleging in preceding paragraphs that defendant, as Mrs. Morrissey's guardian, wrongfully had Mrs. Morrissey admitted to a nursing home in Harrisonburg, Paragraph 15 states:

> Defendant refused to let Mrs. Morrissey return to her home and live there with [plaintiff], and with her daughter who lived nearby. By so refusing, defendant defamed plaintiff's name and reputation by acting as though there was some reason why this family bond should be severed, as defendant was in fact doing by this move of Mrs. Morrissey to a distant and isolated place 3 hours away. By so acting, defendant knowingly and willfully defamed plaintiff's name and reputation, and deliberate [*sic*] sent out an impression that there was some reason why Mrs. Morrissey could not return home, and defendant knew that this would, and that it did, cast dispersions, innuendo and negative libel and slander on plaintiff.

To be blunt, that allegation is absurd. Quoting *Black's Law Dictionary* 824, 1244, and 375 (5th ed. 1979), *Michie's Jurisprudence of Virginia and West Virginia* says:

> "Libel" is defined as defaming or injuring a person's reputation by a published *writing*. "Slander" is oral defamation, or "the *speaking* of false and malicious *words* concerning another, whereby injury results to his reputation." "Defamation" is "the offense of injuring a person's character, fame, or reputation by false and malicious *statements*...."

12A Michie's Jurisprudence, *Libel and Slander*, § 2 (emphasis added).

Under Virginia law, the elements of a cause of action for defamation are:

> (1) publication about the plaintiff, (2) an actionable *statement*, and (3) the requisite intent.

*Id.* (emphasis added). *See generally Fleming v. Moore*, 221 Va. 884, 275 S.E.2d 632 (1981); *Chapin v. Greve*, 787 F. Supp. 557, 562 (E.D. Va. 1992).

Nowhere in the motion for judgment in this action is there any allegation of a written or oral statement made by defendant about Morrissey. His claim of defamation is patently frivolous and sanctionable.

Count II alleges fraud and misrepresentation. In *ITT Hartford v. Virginia Financial Assoc.*, 258 Va. 193, 520 S.E.2d 355 (1999), the Virginia Supreme Court said:

> To sustain a claim of actual fraud, the plaintiff must prove a false representation, of a material fact, made intentionally and knowingly, with intent to mislead, reliance by the party misled, and resulting damage....

258 Va. at 203.

Defendant's "misrepresentations" in this case, as alleged in the motion for judgment, involve defendant's statements to plaintiff about her competence to act as Mrs. Morrissey's guardian and her plans for Mrs. Morrissey if she were appointed guardian. It is an elementary and obvious fact, however, that defendant was not appointed Mrs. Morrissey's guardian by Morrissey. She was appointed Mrs. Morrissey's guardian by the Circuit Court of the County of Henrico. Even if defendant's statements led Morrissey not to oppose such appointment, or even to support it, that makes absolutely no difference. The appointment was made by the court. Any "fraud" committed by defendant to obtain such appointment would have been intrinsic fraud, that is, fraud committed in those proceedings, and a judgment or other action of a court that was procured by intrinsic fraud is not actionable collaterally. *Jones v. Willard*, 224 Va. 602, 607, 299 S.E.2d 504 (1983); *Rowe v. Coal Corp.*, 197 Va. 136, 143, 87 S.E.2d 763 (1955). Again, as a former lawyer, Morrissey should know that.

Moreover, even giving the motion for judgment the benefit of all reasonable inferences, something the court must do on demurrer, the most that is alleged is that defendant made misrepresentations about what she was going to do once she was appointed guardian. Such misrepresentations are not actionable:

> [F]raud must relate to a present or a pre-existing fact, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events.

*Soble v. Herman,* 175 Va. 489, 500, 9 S.E.2d 459 (1940); *see also ITT Hartford v. Virginia Financial Assoc., supra,* 258 Va. at 203; *Patrick v. Summers,* 235 Va. 452, 454, 369 S.E.2d 162 (1988).

The motion for judgment's allegations of fraud and misrepresentation are frivolous and sanctionable.

Count III alleges "Violation of Constitutional Rights, Including That to the Peace, Privacy and Enjoyment of the Family Bond." No such cause of action even remotely exists in Virginia under the facts alleged. Defendant was appointed guardian of Mrs. Morrissey. As such, she was answerable to the Circuit Court of the County of Henrico. She is not answerable to Morrissey in this action. Count III is also frivolous and sanctionable.

Count IV alleges intentional infliction of emotional distress. To prove such a claim, a plaintiff must show, by clear and convincing evidence, that: (1) the wrongdoer's conduct is intentional or reckless; (2) the conduct is outrageous and intolerable; (3) the wrongful conduct and the emotional distress are causally connected; and (4) the resulting distress is severe. *McDermott v. Reynolds,* 260 Va. 98, 101, 530 S.E.2d 902 (2000); *see also Russo v. White,* 241 Va. 23, 26, 400 S.E.2d 160 (1991); *Womack v. Eldridge,* 215 Va. 338, 342, 210 S.E.2d 145 (1974). In *Paroline v. Unisys Corp.,* 879 F.2d 100 (4th Cir. 1989), a case applying Virginia law, the court said:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

879 F.2d at 112 (*quoting* Restatement (Second) of Torts, § 46, comment (d)).

None of the allegations in plaintiff's motion for judgment in this action, even if taken as true, would prompt an average member of the community to exclaim "Outrageous!" Again, defendant was appointed guardian by the Circuit Court of the County of Henrico. Any claim against her with respect to that guardianship should have been lodged with that court. If impropriety were shown, that court would have taken action. Not only has the Henrico court never taken any punitive action against any of the guardians appointed for Mrs. Morrissey, that court imposed sanctions on Morrissey for filing a similar lawsuit against one such guardian.

In addition, the motion for judgment contains no allegation of severe emotional harm suffered by Morrissey other than the bald assertion that he suffered it. That is not enough. In *Russo v. White, supra*, it was said:

> The term "emotional distress" travels under many labels, such as, "mental suffering, mental anguish, mental or nervous shock. ... It includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea." Restatement comment j. But liability arises only when the emotional distress is extreme, and only where the distress inflicted is so severe that no reasonable person could be expected to endure it. *Id.*
>
> Here, plaintiff alleged that she suffered "severe emotional distress" and "extreme emotional distress." But, even on demurrer, the court is not bound by such conclusory allegations when the issue involves, as here, a mixed question of law and fact. This is not a negligence case where, according to Rule 3:16(b), an allegation of "negligence" is sufficient without specifying the particulars. In the present claim, "a plaintiff must allege all facts necessary to establish" the cause of action....
>
> The plaintiff has alleged that she was nervous, could not sleep, experienced stress and "its physical symptoms," withdrew from activities, and was unable to concentrate at work. There is no claim, for example, that she had any objective physical injury caused by the stress, that she sought medical attention, that she was confined at home or in a hospital, or that she lost income. Consequently, we conclude that the alleged effect on the plaintiff's sensitivities is not the type of extreme emotional distress that is so severe that no reasonable person could be expected to endure it.

*Id.*, 241 Va. at 27-28.

The Court affirmed the trial court's dismissal of the action on demurrer.

The allegations in the present motion for judgment do not even remotely approach the level of the allegations in *Russo* which were found to be insufficient. Here, all Morrissey claims is that "defendant wrongly and intentionally inflicted great, severe, and permanent emotional distress on plaintiff...." Motion for Judgment, Paragraph 21. If the allegations set out in *Russo* were not sufficient to survive demurrer there, the allegations set out by Morrissey do not come close to surviving demurrer here. Anyone with

Morrissey's experience with the court system should know that. Count IV is also frivolous and sanctionable.

Count V is for negligence. Again, however, defendant was appointed Mrs. Morrissey's guardian by the Circuit Court of the County of Henrico. All of her actions complained of, even if they were wrong — something the court in no way finds — were taken as a result of that appointment. Except for that appointment, defendant owed no duty relevant to this action to Morrissey or to anyone else. Absent a duty, there can be no negligence. If defendant was performing her guardianship duties improperly, Morrissey's sole remedy was to seek her removal in Henrico. Morrissey's allegation of negligence in this action is frivolous and mandates a sanction.

Count VI, which in the motion for judgment is erroneously labeled "Count V," is for wrongful death, Morrissey claiming that "defendant did knowingly, willfully and with premeditation, kill Dorothy Morrissey by purposely endangering her life in a manner that defendant knew would be harmful to her and to her son." Some things need no comment.

Morrissey has shown by his actions that the imposition of sanctions that merely compensate defendants for the cost of responding to his frivolous suits does not deter him from filing more frivolous suits. Monetary sanctions of $500 per defendant/lawyer imposed by this court in 1994 and monetary sanctions of $1,200 per defendant imposed by the Henrico Circuit Court in June of this year have not slowed Morrissey down at all. As already noted, Morrissey did not ask that this action be served until *after* the Henrico sanctions were filed. A more substantial sanction is now warranted.

The court will impose a sanction against Morrissey to be paid to defendant in the amount of $7,500. This sanction is designed not just to compensate defendant for the expense and inconvenience of defending this suit, but also to deter Morrissey from filing such suits in the future. The court will not bar Morrissey from filing future suits in this court without such suits being first reviewed by a judge of the court, as other courts have done. Morrissey should know, however, that if future suits are filed and found by this court to be frivolous, substantial sanctions will again be awarded.