## CIRCUIT COURT OF THE CITY OF RICHMOND

Michael J. Morrissey
and the Estate of
Dorothy L. Morrissey

v.

Rockingham Memorial
Hospital et al.

August 28, 2003

Case Nos. LP-1235, 1236, 1237, 1238, 1240,
1242, 1243, 1244, 1245, 1247,
1248, 1256, 1257, and 1258

By Judge T. J. Markow

These fourteen cases were consolidated for pretrial matters and came on for hearing on various defense pleadings on August 6, 2003. Plaintiff filed motions to nonsuit each defendant on August 5.

The court has not acted on the motions for nonsuit in order to consider the defendants' motions for sanctions, objections to motion to nonsuit on behalf of the Estate of Dorothy L. Morrissey, and various defensive responses to the pleadings filed on behalf of the estate.

Michael J. Morrissey, formerly an attorney, sues in his own name and in the name of the estate of his mother claiming to be the estate's administrator. (No certificate of qualification was ever presented.) Morrissey filed fourteen motions for judgment naming approximately 110 defendants. (Some are named in more than one motion for judgment.) Among others named as defendants are the Commonwealth of Virginia, the County of Henrico and its County Attorney, two circuit court judges, at least one general district court judge, several persons who served Dorothy Morrissey as guardians ad litem, hospitals, nursing homes, and many others.

Morrissey makes many claims but all revolve around his mother, Dorothy Morrissey, who in her last years, had been determined to be incapacitated and had one or more guardians and/or conservators appointed to assist her. The motion for judgment claims that each of the defendants in some way committed torts upon Dorothy Morrissey and/or her son Michael Morrissey.

Morrissey's complaints have been raised one or more other times against most, if not all, of these defendants. All of the complaints have been dismissed and/or were nonsuited by Mr. Morrissey when defensive pleadings were brought on for argument.

Mr. Morrissey has been sanctioned under Va. Code § 8.01-271.1 by this court and others on account of the frivolous non-meritorious, and vexatious conduct in filing these and other pleadings.

Again, Mr. Morrissey has filed pleadings against these defendants which have no apparent purpose except to harass and annoy the defendants and/or to cause them to incur attorney's fees. Were Morrissey untrained in the law, perhaps, a different conclusion could be drawn. Here he has every reason to realize that these cases have no merit, that the statute of limitations have run, that some have not been served within one year, that res judicata and/or collateral estoppel preclude them, and that many of the defendants, for example the judges, are immune from such actions and that his bringing suits on behalf of the estate constitutes the unauthorized practice of law.

Mr. Morrissey's motions to nonsuit the cases filed on behalf of the estate are invalid as he has no authority to represent the estate as its attorney. Those motions are, therefore, ignored.

The motions to quash the pleadings filed on behalf of the Estate of Dorothy L. Morrissey are hereby sustained as being invalidly brought. Those cases are hereby dismissed.

An award of sanctions under Va. Code Ann § 8.01-271.1 is required in this case. The pleadings are factually and legally without merit as Morrissey must know. His filing such pleadings, after having been previously sanctioned for the same type of conduct, illustrates that his purpose in continuing to file against these defendants is to harass and vex them and to assure that they are, to the greatest extent possible, inconvenienced and caused to expend time and money to defend themselves. Under such circumstances sanctions are not discretionary but mandated.

Defendants correctly argue that monetary sanctions alone will not deter Morrissey from continuing to harass them by filing the same or similar suits.

Sanctions in these matters must accomplish two objectives, compensation to the defendants for their inconvenience and expense incurred and to deter such action in the future.

It is, therefore, ordered that:

(1) Judgment is awarded against Michael J. Morrissey in favor of each of the defendants identified below in the amount of $300.00 representing compensation for some of their attorney's fees and inconvenience:

LP-1235: Rockingham Memorial Hospital, Dr. McNett, Avante Nursing Home, Linda Jennings, Commonwealth of Virginia, and George Tidey;

LP-1258: Walter Regirer, Health of Virginia, Inc., E. B. Hughson, John H. Thomas, R. R. Brooks, Sharon Will, Elizabeth Oxenham, Gayle Clendenin, Rebecca Andrews, Michelle Gavin, H. C. Vick, the County of Henrico, and the Commonwealth of Virginia;

LP-1257: Bon Secours, Inc., Carrie West, Terry Betino, C. M. Hileman, Jean Todd, Elizabeth Oxenham, E. B. Hughson, Jr., S. J. Seidlitz, C. A. Wood, Buford Parsons, Sheryl L. Herndon, Ann Honeycutt, Howard C. Vick, Michael Robertson, the County of Henrico, and the Commonwealth of Virginia;

LP-1256: Robert Lesniak and the Commonwealth of Virginia;

LP-1248: Edwin Bischoff, Cynthia Lux, and Mary Jo Reynolds Lux;

LP-1247: Robert Lesniak, Ashland Convalescent Center, Inc., George Tidey, Hanover County Adult Protective Services, the County of Hanover, and the Administrator, Ashland Convalescent Center;

LP-1245: Henrico Health Care nursing home, Medical Facilities of America, Inc., Arthur Mathews, George Tidey, Thomas Moon, Sheila Moon, James Moore, George Elmore, Joseph Rapisarda, the County of Henrico, and L. A. Harris, Jr.;

LP-1244: Patricia L. Jones, William Biggers, C. Beatty, Victoria Gutmaker, Susan A. Clifton, Jane D. Maria, Mary Ann Proffitt, Patricia Gershenoff, L. Tetenne, H. A. Proffin, Al Harris, Greer Jackson, Mr. Brooks, Rebecca Andrews, and assistant student;

LP-1243: Banks Turner, Greer Jackson, and Nicholas Spinella;

LP-1242: Sage, Inc., Greer Jackson, Arthur Mathews, Al Harris, Joseph Rapisarda, George Elmore, Henrico County, Al Harris, and Leonard Levin;

LP-1240: Carolyn White, George Tidey, Robert Lesniak, and Deborah McArthur;

LP-1238: Alexander Clark, Douglas McGee, Mary Pascoe, Dorothy Louise Morrissey, a/k/a Lu Morrissey, and Cynthia Lux;

LP-1237: Peter Bolling, Medical College of Virginia, Linda Jennings, George Tidey, James Moore, Joseph Rapisarda, George Elmore, Henrico County, Commonwealth of Virginia, Virginia Commonwealth University, and MCV Physicians, a/k/a MCV Associated Physicians;

LP-1236: James Moore, George Elmore, Joseph Rapisarda, County of Henrico, and Commonwealth of Virginia.

(2) Should Michael J. Morrissey wish to initiate any civil litigation against these defendants or against any other party based on any of the facts alleged in any of the motions for judgment filed by Mr. Morrissey in this court and specifically those cases numbered LP-1235, 1236, 1237, 1238, 1240, 1242, 1243, 1244, 1245, 1247, 1248, 1256, 1257, and 1258 he must comply with the following requirements:

(a) He must submit to the Clerk of the court an "Application for Leave to File Suit in a State Court" along with a copy of this order imposing the pre-filing injunction, and

(b) Accompanying the "Application for Leave to File Suit in a State Court" Morrissey shall attach a separate and notarized declaration or affidavit certifying that the matters raised in the suit have never before been raised in state or federal court and that he has satisfied each of the monetary judgments described in this order.

Should such application be filed, the Clerk is directed to submit the application to the court for consideration.

Michael J. Morrissey is cautioned that a violation of the pre-filing order may constitute contempt and subject him to civil and/or criminal penalties.

(3) Cases numbered LP-1235, 1236, 1237, 1238, 1240, 1242, 1243, 1244, 1245, 1247, 1248, 1256, 1257, and 1258 are hereby dismissed by nonsuit as to the plaintiff Michael J. Morrissey.