# CIRCUIT COURT OF THE CITY OF RICHMOND

Michael J. Morrissey

v.

Stephen Benjamin

In re Estate of
Dorothy L. Morrissey

April 6, 2004

Case No. LR-2002-4

BY JUDGE RANDALL G. JOHNSON

This is an appeal from the General District Court of the City of Richmond. It is presently before this court on defendant's motion to dismiss, plea in bar of the statute of limitations, and for sanctions. At a hearing on March 31, 2004, the court indicated that the case would be dismissed and that sanctions would be imposed. The case was taken under advisement to allow the court to put in writing its reasons for awarding sanctions.

Michael Morrissey is not new to this court or to other state and federal courts in the Commonwealth and elsewhere. In an opinion letter dated September 30, 2002, involving another case filed by Morrissey in which a defendant sought dismissal and sanctions, this court set out in some detail the numerous cases filed by Morrissey here and elsewhere in which he claimed wrongdoing on the part of lawyers, judges, bar personnel, estate guardians, hospitals, nursing homes, and others, involving his disbarment as a lawyer and/or the handling of his mother's guardianship. *See Morrissey v. Jennings*, 60 Va. Cir. 179 (2002). At the time of that opinion, at least thirty-two such cases had been filed. As far as this court has been able to determine, all of his cases have been dismissed on motions made prior to trial. A considerable number of his cases have resulted in sanctions against him. The court will not repeat the list of cases or sanctions here, but adopts

the list set out in its earlier opinion. A monetary sanction of $7,500 was imposed on Morrissey in an order accompanying the September 2002 opinion, although as noted in that opinion previous monetary sanctions had not "slowed Morrissey down at all." *Id.*, 60 Va. Cir. 188.

The September 2002 sanction also did not slow Morrissey down at all. By order entered August 28, 2003, a different judge of this court granted Morrissey's motions for nonsuits in fourteen cases against a total of approximately 110 defendants involving the same issues as many of the suits previously filed and dismissed. In doing so, the court also awarded sanctions against Morrissey, including an attorney's fee of $300 each in favor of eighty-seven of the defendants; a requirement that in order to file additional suits against those defendants or anyone else based on any of the facts alleged in the nonsuited cases, Morrissey must submit to the clerk an "Application for Leave to File Suit in State Court," such application being accompanied by a separate and notarized statement or affidavit that the matters raised in the suit have never been raised before in state or federal court and that he had paid each of the monetary sanctions set out in that order. The court also cautioned Morrissey that "a violation of the pre-filing order may constitute contempt and subject him to civil and/or criminal penalties." *See Estate of Dorothy L. Morrissey v. Rockingham Memorial Hospital*, 62 Va. Cir. 462, 465 (2003). Although the fourteen cases involved in that order were filed before this court's September 2002 order referred to above, Morrissey did not move to have them nonsuited until August 5, 2003, which was almost a year after the previous order and only one day before defendants' motions to dismiss and for sanctions were scheduled to be heard in the then pending actions. As the court said in its September 2002 opinion, "Morrissey has shown by his actions that the imposition of sanctions that merely compensate defendants for the cost of responding to his frivolous suits does not deter him from filing more frivolous suits." *Id.*, 60 Va. Cir. at 188. The present action is further proof of that point.

The allegations against Stephen Benjamin, a lawyer, in the case at bar were first set out in a warrant in debt issued in the General District Court of the City of Richmond on July 23, 2001, with Morrissey being listed as the sole plaintiff. The warrant sought $14,500 for "fraud and misrepresentation, conversion, br. of contract." That action was voluntarily nonsuited on November 5, 2001. On May 21, 2003, another warrant in debt naming Benjamin as defendant was issued, this time in the General District Court of the County of Chesterfield. Listed as plaintiffs were "Estate of Dorothy L. Morrissey and Michael J. Morrissey." The second warrant also sought $14,500 for "fraud, wrongful conversion, and misrepresentation to get $ for work never done." The return date set out on the warrant was July 10, 2003,

but upon the action being transferred to Richmond, was changed to July 31, 2003.[1]

On the return date, Morrissey did not appear. The action was dismissed, it being noted on the face of the warrant that it was dismissed because of plaintiff's failure to appear. On August 7, 2003, Morrissey filed a motion to rehear in the district court. He noted an appeal on the same day. It is that appeal which is presently before the court.

Defendant's motion to dismiss is based on three grounds. First, defendant argues that this court lacks jurisdiction over Morrissey's appeal under the case of *Ragan v. Woodcroft Village Apartments*, 255 Va. 322, 497 S.E.2d 740 (1998). Second, defendant argues that Morrissey's suit is barred by the applicable statutes of limitations. Third, defendant argues that no action can be maintained by "Estate of Dorothy L. Morrissey," Dorothy L. Morrissey being Morrissey's deceased mother. The court will grant defendant's motion on the second and third grounds. The court will make no ruling on the first ground.

In *Ragan*, the Supreme Court held that Va. Code § 16.1-106, which governs appeals from orders and judgments of district courts in civil cases generally, applies only to "final" orders and judgments of district courts. 255 Va. at 327. It is defendant's argument that, since the district court's order denying Morrissey's motion to rehear was not a final order or judgment, the appeal cannot go forward. Defendant's argument assumes, however, that the order appealed from was the order denying Morrissey's motion to rehear. As noted earlier, that is not true. According to the chronology set out in defendant's motion and the notations on the warrant in debt, the district court denied the motion to rehear at a hearing on August 18, 2003. The present appeal was noted on August 7. Thus, what was appealed was the order dismissing the district court action without prejudice. Without the benefit of arguments on both sides of the issue, the court will not rule on whether *Ragan*'s holding applies to such dismissals, particularly in light of the fact that such dismissal was not a basis for defendant's motion and the fact that the case will be disposed of on other grounds.

With regard to defendant's plea of the statute of limitations, defendant claims that Morrissey's action arises out of defendant's legal representation of Morrissey in a criminal proceeding that started in 1997. Defendant

---

[1] Virginia Code § 8.01-380(A) provides, in part: "After a nonsuit, no new proceeding on the same cause of action or against the same party shall be had in any court other than that in which the nonsuit was taken, unless that court is without jurisdiction, or not a proper venue, or other good cause is shown for proceeding in another court, or when such new proceeding is instituted in a federal court. If, after a nonsuit, an improper venue is chosen, the court shall not dismiss the matter but shall transfer it to the proper venue upon motion of any party."

withdrew as Morrissey's counsel on January 6, 1998. Defendant never represented Morrissey's mother or her estate. As noted earlier, Morrissey's first district court action against defendant was filed on July 23, 2001, and nonsuited on November 5, 2001. The present action was filed on May 21, 2003. It is time-barred.

The present warrant in debt sets out as Morrissey's claims against defendant "fraud, wrongful conversion, and misrepresentation to get $ for work never done." In Virginia, the statute of limitations for fraud, which includes "misrepresentation," is two years. Va. Code § 8.01-243(A). The statute of limitations for conversion is five years. Va. Code § 8.01-243(B). Since defendant's last representation of Morrissey occurred on January 6, 1998, the limitations period for the fraud claim had already expired when Morrissey filed his first warrant in debt in July 2001. Although the limitations period for the conversion claim had not expired when the first warrant in debt was filed, it had expired when the present action was filed.

Virginia Code § 8.01-229(E) provides, in pertinent part:

> 1. Except as provided in subdivision 3 of this subsection, if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period. . . .
>
> 3. If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, or within the limitation period as provided by subdivision B 1, whichever period is longer.[2]

Six months from the date of Morrissey's nonsuit is May 5, 2002. Five years from the date defendant last represented Morrissey is January 6, 2003. The present action was filed on May 21, 2003. It is time-barred.

In addition to his claims of fraud, conversion, and misrepresentation, Morrissey's nonsuited action also claimed breach of contract. The present action does not. Even if it did, it would still be time-barred since the statute of limitations for breach of contract, assuming it was in writing, is five

---

[2] Subdivision B(1) of the statute involves actions in which a person entitled to bring an action dies before the action is brought. It is not applicable to this proceeding.

years. Va. Code § 8.01-246(2). If it was not in writing, it is only three years. Va. Code § 8.01-246(4).

Lastly, defendant argues that no action can be maintained by "Estate of Dorothy L. Morrissey." Defendant is correct. "All suits and actions must be prosecuted by and against living parties, in either an individual or representative capacity." *Rennolds v. Williams*, 147 Va. 196, 198, 136 S.E. 597 (1927). *See also Swann v. Marks*, 252 Va. 181, 184, 476 S.E.2d 170 (1996) ("The personal representative of a decedent and the decedent's 'estate' are two separate entities; the personal representative is a living individual while the 'estate' is a collection of property."). In addition, during the hearing on Morrissey's motion to rehear in general district court, the district judge told Morrissey in no uncertain terms that he could not represent his mother's estate:

> I will remind you, Mr. Morrissey, now that you are aware of the UPL [Unauthorized Practice of Law] rule that I have indicated to you, I assume that you will, if you choose to refile this, you will refile it on your own behalf only and not on behalf of the estate, or you will get an attorney to file it on behalf of the estate, if that is your choice.

Although Morrissey chose to proceed with this appeal rather than refile in district court, he has done nothing in the seven months since it has been here to remove the reference to the estate from the caption of the warrant in debt. It must be remembered that Morrissey is not a novice to the courthouse. He is a former lawyer who has evolved into an habitual litigant. He knows how to find statutes, rules, and case law. He simply chooses not to follow them. In this case, he also chose not to follow the admonition of the district court.

In light of the clear expiration of the limitations periods when Morrissey filed this action, together with his failure to remove his mother's estate from the pleadings in this court, and especially in light of his repeated filings of frivolous actions in this court and elsewhere, a monetary sanction under Virginia Code § 8.01-271.1 is appropriate. Defendant asks for a sanction of $7,500. That amount will be awarded. In addition, the court will again require that before Morrissey is allowed to file any further actions in this court, he must submit an "Application for Leave to File Suit in a State Court," with an affidavit certifying that he has paid the sanctions assessed in this action and in every other action in which sanctions have been awarded in this court. If such application and affidavit are not submitted, the clerk will be directed not to allow the action to be filed.