Present: All the Justices

FIRST VIRGINIA BANK

v.  Record No. 950149    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                            March 1, 1996
FRANCIS X. O'LEARY,
ETC., ET AL.

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Paul F. Sheridan, Judge

In this appeal, we determine whether state and local taxing authorities are bound by Code § 6.1-125.3(D), which requires creditors seeking funds from a joint bank account to obtain a summons notifying nondelinquent owners of the account of "an order of garnishment, attachment or other levy" addressed to that account.[1]

---

[1]Code § 6.1-125.3(D) provides, in relevant part:

Upon an order of garnishment, attachment or other levy addressed to a party to a joint account . . . the financial institution shall file an answer setting forth the form of account, whether it has funds responsive to the process, and such information as it has as to the names and addresses of the parties to the account.  The financial institution shall by first-class mail send a copy of such answer to the petitioning creditor or counsel of record.  From the time of service of such garnishment, attachment or levy, the financial institution shall hold the amount subject to such garnishment, attachment or levy, or such lesser amount or sum as it may have, which amount shall be set forth in its answer. . . .  If the petitioning creditor shall desire to pursue the question of ownership of such funds held subject to the claim of two or more parties to the deposit account, it shall provide the clerk with a copy of the documents originally served on the original defendants or judgment defendants and request the clerk to issue a summons accompanied by such copy with a copy of the notice at the end of this subsection.  Upon payment of the appropriate fees, the clerk shall issue such summons to be served on such other party having an interest or apparent interest in such account. . . . If such summons is received either by certified or

The facts before us are undisputed and arise from three cases that were consolidated for purposes of this appeal. First Virginia Bank (the Bank) appeals two judgments in favor of the Commonwealth of Virginia, Department of Taxation (the Department), and one judgment in favor of Francis X. O'Leary, Arlington County Treasurer (the Treasurer).

The Department, pursuant to Code § 58.1-1804, issued a "notice of tax lien and demand for payment" to the Bank to satisfy unpaid taxes owed by two taxpayers.[2] The Deputy

(..continued)
> registered mail or acknowledged in writing within twenty-one days on or by such financial institution, it shall continue to hold such funds pending further order of the court. If such financial institution shall not within twenty-one days from the filing of such answer be served with or acknowledge such an order, it may treat the garnishment, attachment or levy, insofar as it relates to such joint . . . accounts, as terminated on the twenty-second day and being of no further force or effect. . . . The notice to the co-depositor described in this subsection shall contain substantially the following information: "Attached is a copy of the documents served on a financial institution to cause it to withhold money from an account in which you may have an interest. If you wish to protect your interests, you or your attorney should take appropriate legal action promptly."

[2]Code § 58.1-1804 provides, in relevant part:

> The Tax Commissioner may apply in writing to any person indebted to or having in his hands estate of a taxpayer for payment of any taxes . . . more than thirty days delinquent, out of such debt or estate. . . .

> The Tax Commissioner shall send a copy of the application to the taxpayer, with a notice informing him of the remedies provided in this chapter.

> If the person applied to does not pay so much as

Treasurer, pursuant to Code § 58.1-3952(A), issued a "notice of tax lien and demand for payment" to the Bank to satisfy delinquent personal property taxes owed by one holder of a joint account.[3]  Each of three delinquent taxpayers held an account at the Bank jointly with a nondelinquent holder.  Since the Bank did not receive notice that the nondelinquent joint account holders had been served with notice pursuant to Code § 6.1-125.3(D), the Bank refused to comply with these demands for payment.

The Department and the Treasurer (collectively, the Department) filed pleadings in the trial court alleging that the Bank's refusal to release the funds violated Code §§ 58.1-1804

(..continued)
> ought to be recovered out of such debt or estate, the Tax Commissioner shall procure a summons directing such person to appear before the appropriate court, where the proper payment may be enforced.  Any person so summoned shall have the same rights of removal and appeal as are applicable to disputes among individuals.

[3]Code § 58.1-3952(A) provides, in relevant part:

> The treasurer or other tax collector of any county . . . may apply in writing to any person indebted to or having in his hands estate of a taxpayer for payment of taxes more than thirty days delinquent out of such debt or estate. . . .  The taxes, penalties and interest shall constitute a lien on the debt or estate due the taxpayer from the time the application is received. . . .  The treasurer or collector shall send a copy of the application to the taxpayer, with a notice informing him of the remedies provided in this chapter.

> If the person applied to does not pay so much as ought to be recovered out of the debt or estate, the treasurer or collector shall procure a summons directing such person to appear before the appropriate court, where proper payment may be enforced.

and -3952, respectively.  The trial court ruled that the notice provisions of Code § 6.1-125.3(D) do not apply to tax liens issued under Code §§ 58.1-1804 and -3952.  The trial court also ruled that there is a presumption that all joint account holders own an account in equal shares, and that the Treasurer and the Department had "a right to the funds in the account equal to that of delinquent taxpayer joint depositor."  Based on these rulings, the trial court ordered the Bank to comply with the demands for payment in the amount of the tax liens or 50% of the funds on deposit, whichever amount was less.  This appeal followed.

The issue before us is one of first impression.  The Bank argues that each tax lien at issue is an "other levy" within the meaning of Code § 6.1-125.3(D).  The Bank also asserts that, since the taxing statutes do not specifically address the imposition of a tax lien on a joint bank account, the notice provisions of Code § 6.1-125.3(D) govern that procedure.

In response, the Department argues that Code § 6.1-125.3(D) does not apply to a tax lien, which is a type of administrative process.  It asserts that the statute applies to judicial process only, as demonstrated by the language "an order of garnishment, attachment or other levy."  We agree with the Department.

In determining whether the phrase "order of garnishment, attachment or other levy" includes the tax liens at issue, we consider the entire text of Code § 6.1-125.3(D).  "A cardinal rule of statutory construction is that a statute be construed

from its four corners and not by singling out a particular word or phrase." Commonwealth Natural Resources, Inc. v. Commonwealth, 219 Va. 529, 536, 248 S.E.2d 791, 795 (1978). Further, a legislative enactment "should be interpreted, if possible, in a manner which gives meaning to every word." Monument Assoc. v. Arlington County Bd., 242 Va. 145, 149, 408 S.E.2d 889, 891 (1991).

We also construe Code § 6.1-125.3(D) with reference to Code §§ 58.1-1804 and -3952. We accord each statute, insofar as possible, a meaning that does not conflict with the other statutes. See Albemarle County v. Marshall, Clerk, 215 Va. 756, 761, 214 S.E.2d 146, 150 (1975).

The requirements of Code § 6.1-125.3(D) arise entirely within the context of judicial proceedings. This section requires a financial institution to "file an answer" on receipt of "an order of garnishment, attachment or other levy."[4] The

_____

[4]The process that issues to a third party in a garnishment proceeding is termed a "summons." See Code § 8.01-511. The process which issues against specific property in an attachment proceeding is termed an "attachment." See Code § 8.01-540. We conclude that these types of process are covered by the language of Code § 6.1-125.3(D), because the two phrases, "garnishment, attachment or levy" and "order of garnishment, attachment or other levy," are used interchangeably in Code § 6.1-125.3(D).

institution must also mail a copy of its answer to the petitioning creditor or "counsel of record."

The Bank's position would require us to find that the term "file" means nothing more than "send." However, throughout the Code and the Rules of Court, the term "file" is used to convey the act of lodging pleadings and notices with the clerk of the court. See, e.g., Code §§ 8.01-73, -229; Rule 1:4. The Bank's argument also overlooks the fact that Code § 6.1-125.3(D) requires the financial institution to send a copy of its answer to the petitioning creditor or to counsel of record. The Bank's position would make this requirement an unnecessary act, since the Bank sent its answer directly to the petitioning creditor.

We also observe that the term "counsel of record" has a specific meaning when used in the Code and the Rules of Court. Rule 1:5 defines this term as including "a counsel or party who has signed a pleading in the case or who has notified the other parties and the clerk in writing that he appears in the case." Thus, the use of the above terms in Code § 6.1-125.3(D) indicates that a court action has been initiated, and that a response to court-issued process is required.

Code § 6.1-125.3(D) also stipulates procedures which involve action by the clerk of the court. If the petitioning creditor wishes to pursue the question of ownership of jointly-held funds, the creditor must request the clerk to issue a summons and a notice to the co-depositor. Before a summons will be issued by

the clerk, the creditor must also provide the clerk with a copy of the documents "originally served on the original defendants or judgment defendants." This language indicates that a prior adjudication involving the account holder has occurred, forming the basis for the garnishment, attachment or other levy.

If the financial institution receives or acknowledges within 21 days a copy of the summons issued by the clerk, the financial institution is required to hold the funds requested pending "<u>further</u> <u>order</u> of the <u>court</u>." (Emphasis added.) By implication, this language presupposes that prior court process has issued.

In contrast, judicial action is not required for the issuance of a "Notice of Tax Lien and Demand for Payment" under Code §§ 58.1-1804 and -3952. These tax liens are administrative process issued by authority of the Tax Commissioner, under Code § 58.1-1804, or by the "treasurer or other tax collector of any county, city or town," under Code § 58.1-3952.

In these statutes, the person owing the tax is referred to as the "taxpayer," not the "defendant." Thus, while Code § 6.1-125.3(D) requires the petitioning creditor to provide the clerk with a copy of the documents originally served on "the original defendants or judgment defendants," there is no party in Code §§ 58.1-1804 and -3952 who can be identified by these terms.

Based on these distinctions, we conclude that the legislature did not intend that Code § 6.1-125.3(D) apply to the receipt of administrative process by a financial institution.

Therefore, we hold that the Department is not subject to the requirements of Code § 6.1-125.3(D) when it issues a notice of tax lien and demand for payment to a financial institution which has in its possession funds owned by a delinquent taxpayer in a joint bank account.

Nevertheless, the Bank contends that the due process rights of the nondelinquent co-depositors were violated by the taxing statutes. We do not reach this issue, however, because the Bank lacks standing to assert the due process rights of another. See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471-73 (1982). Therefore, we do not decide here the question whether Code §§ 58.1-1804 and -3952 provide nondelinquent joint account holders remedies sufficient to protect their due process rights.[5]

---

[5]We also note that the parties agree the trial court erred in ruling there is a presumption that all joint account holders own an account in equal shares. See Code § 6.1-125.3(A). Based on this ruling, the trial court limited the Bank's obligation to comply with the demands for payment to the amount of the tax liens or 50% of the funds in the account, whichever amount was less. However, we do not further address this ruling, because the Department has not assigned cross-error to the ruling and the Bank lacks standing to assert the rights of the nondelinquent co-depositors.

For these reasons, we will affirm the trial court's judgment.

<u>Affirmed</u>.