Present:  All the Justices

JANICE E. RAGAN

v.    Record No. 970905   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                        February 27, 1998
WOODCROFT VILLAGE APARTMENTS


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Randall G. Johnson, Judge


The dispositive issue before us is whether an appeal lies
to a circuit court from a general district court's denial of a
motion for a new trial in an unlawful detainer proceeding.

In 1996, Janice E. Ragan leased an apartment in the City of
Richmond from Woodcroft Village Apartments (Woodcroft).  When
Ragan failed to pay her rent due on July 1, 1996, Woodcroft sent
her a written notice, pursuant to Code § 55-225, to pay the rent
and related charges within five days or surrender possession of
the premises.  On July 16, 1996, when Ragan still had not paid
the amount due, Woodcroft instituted an unlawful detainer
proceeding against her in the General District Court for the
City of Richmond, seeking accrued rent, costs, fees, and
possession of the leased premises.

Ten days later, prior to the return date on the unlawful
detainer summons, Ragan paid Woodcroft the sum of $247.50, the
entire amount due under the lease.  Woodcroft accepted Ragan's

payment with reservation, in order to preserve its right to seek possession of the leased premises. See Code § 55-248.34.

When the parties appeared in the general district court on the unlawful detainer summons, Woodcroft agreed that Ragan had paid all amounts outstanding under the lease. The general district court entered judgment awarding Woodcroft possession of the leased premises. Ragan did not appeal from this judgment.

Ragan filed a motion in the general district court requesting a new trial on the unlawful detainer summons. She asserted that the unlawful detainer proceeding was barred by Code § 55-243[1] because she had paid the amount due Woodcroft and had not previously been served with an unlawful detainer summons by Woodcroft in the twelve-month period before the present unlawful detainer proceeding was instituted. The court denied the motion on the ground that Ragan had failed to assert this right at the hearing prior to the entry of final judgment.

---

[1] Code § 55-243 provides, in relevant part:
  A. If any party having right or claim to such lands shall, . . . before the first court return date in an action of unlawful detainer seeking possession of a residential dwelling based upon a default in rent, pay or tender to the party entitled to such rent, or to his attorney in the cause, or pay into court, all the rent and arrears, along with any reasonable attorney's fees and late charges contracted for in a written rental agreement, interest and costs, all further proceedings in the ejectment or unlawful detainer shall cease. . . .
  B. In cases of unlawful detainer, the tenant may invoke the rights granted by this section no more than one time during any twelve-month period of continuous residency in the rental dwelling unit.

Ragan filed a notice of appeal to the circuit court from the denial of her motion requesting a new trial.

The circuit court assumed, without deciding, that it had jurisdiction to hear Ragan's appeal from the general district court's denial of her motion requesting a new trial. The circuit court then held that the general district court did not abuse its discretion in denying the motion. Ragan appealed to this Court from the circuit court's judgment.

In an assignment of cross-error, Woodcroft argues that the circuit court lacked jurisdiction to consider Ragan's appeal from the general district court's denial of her motion requesting a new trial. Woodcroft asserts that, in electing not to appeal the adverse judgment in the unlawful detainer proceeding, Ragan had no further right to be heard in the circuit court. Woodcroft contends that neither Code § 8.01-129 nor Code § 16.1-106 permits an appeal from the denial of a motion for a new trial in an unlawful detainer action.

In response, Ragan observes that Code § 16.1-106 provides, in part, for an appeal from "any order entered or judgment rendered in a court not of record in a civil case in which the amount in controversy is of greater value than fifty dollars." She contends that the general district court's order denying her motion for a new trial is an "order" within the meaning of this statutory language. We disagree with Ragan.

3

In resolving this issue, we consider the provisions of both Code §§ 8.01-129 and 16.1-106 in the context of the statutory framework of the appeal process.  We accord each statute, insofar as possible, a meaning that does not conflict with any other statute.  See First Va. Bank v. O'Leary, 251 Va. 308, 312, 467 S.E.2d 775, 777 (1996); Board of Supervisors v. Marshall, 215 Va. 756, 761, 214 S.E.2d 146, 150 (1975).

Under fundamental rules of statutory construction, each statute must be examined in its entirety, rather than by isolating particular words or phrases.  Buonocore v. C&P Tel. Co., 254 Va. 469, 472-73, 492 S.E.2d 439, 441 (1997); First Va. Bank, 251 Va. at 312, 467 S.E.2d at 777; Commonwealth Natural Resources, Inc. v. Commonwealth, 219 Va. 529, 536, 248 S.E.2d 791, 795 (1978).  The legislature's intent must be determined from the words used, unless a literal construction would yield an absurd result.  Abbott v. Willey, 253 Va. 88, 91, 479 S.E.2d 528, 530 (1997); Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990).  Thus, when the language employed in a statute is clear and unambiguous, the courts are bound by the plain meaning of that language.  Wall v. Fairfax County Sch. Bd., 252 Va. 156, 159, 475 S.E.2d 803, 805 (1996); Carr v. Forst, 249 Va. 66, 69-70, 453 S.E.2d 274, 276 (1995).

4

The language of both statutes at issue is clear and unambiguous.  Code § 8.01-129 states, in relevant part, that "[a]n appeal shall lie from the judgment of a general district court, [in an unlawful detainer proceeding], to the circuit court in the same manner and with like effect and upon like security as appeals taken under the provisions of § 16.1-106 et seq."  Code § 8.01-129 then states the requirements for perfecting such an appeal and provides any party a right to a jury trial in the circuit court.  These provisions are inapplicable to the present case, however, because Ragan did not appeal from the judgment of the general district court awarding Woodcroft possession of the leased premises, but appealed only from the general district court's denial of her motion for a new trial.  Therefore, we must consider the broader appeal provisions of Code § 16.1-106 to determine whether Ragan had a right of appeal from the denial of that motion for a new trial.

Code § 16.1-106, which provides for appeals from general district courts in civil cases, states in relevant part:

> From any order entered or judgment rendered in a court not of record in a civil case in which the matter in controversy is of greater value than fifty dollars . . . or when the case involves the constitutionality or validity of a statute of the Commonwealth, or of an ordinance or bylaw of a municipal corporation, or of the enforcement of rights and privileges conferred by the Virginia Freedom of Information Act (§ 2.1-340 et seq.), or of a protective order pursuant to § 19.2-152.10, there shall be an appeal of right, if taken

5

within ten days after such order or judgment, to a court of record.[2]

This statute gives the parties a trial de novo in the circuit court.  See Code §§ 16.1-113 and -114.1.  The purpose of this two-tier trial system is to allow a party aggrieved by a final judgment of the general district court to have the case tried again by the circuit court as if the case originally had been instituted there.  See Nationwide Mut. Ins. Co. v. Tuttle, 208 Va. 28, 32-33, 155 S.E.2d 358, 361 (1967).  Such an appeal is in effect a statutory grant of a new trial, in which the perfected appeal annuls the judgment of the district court as completely as if there had been no previous trial.  See Gaskill v. Commonwealth, 206 Va. 486, 490, 144 S.E.2d 293, 296 (1965). If the judgment of the general district court is reversed, the circuit court is required to enter an order or judgment "as ought to have been made or given by the judge of the court from which the appeal was taken."  Code § 16.1-113.

This appeal process, by definition, excludes a trial de novo of a motion for a new trial because such a motion does not involve an adjudication of a case as if it originally had been instituted in the circuit court.  See Tuttle, 208 Va. at 32-33, 155 S.E.2d at 361.  We also note that, when the General Assembly

_____

[2] This language reflects a 1997 amendment in which the only substantive change is the addition allowing for an appeal from a

6

intended to provide in Code § 16.1-106 for an appeal other than from a final order, it did so expressly, in language allowing an appeal from a protective order pursuant to Code § 19.2-152.10.[3] Thus, we conclude that, when Code § 16.1-106 refers to an appeal from "any order entered or judgment rendered in a court not of record in a civil case in which the matter in controversy is of greater value than fifty dollars," this language provides for an appeal only from final orders or judgments.

The decision denying Ragan's motion for a new trial was not a final order or judgment because it did not dispose of the merits of the unlawful detainer summons. A final order or judgment is one that disposes of the whole subject of the case and gives all relief contemplated. Burns v. Equitable Assocs., 220 Va. 1020, 1028, 265 S.E.2d 737, 742 (1980); Daniels v. Truck & Equip. Corp., 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964). As stated above, the final judgment in the unlawful detainer proceeding was the judgment awarding Woodcroft possession of the leased premises.

---

protective order awarded under Code § 19.2-152.10. That language is not at issue in this appeal.

[3] Because Ragan asserts a right of appeal solely under the language in Code § 16.1-106 allowing an appeal from "any order entered or judgment rendered in a court not of record in a civil case in which the matter in controversy is of greater value than fifty dollars," we do not address the requirements for an appeal under the balance of the statute.

Since the order denying Ragan's motion for a new trial was not a final order or judgment, Ragan's argument would require us to interpret the phrase "any order entered or judgment rendered" as allowing an appeal from any order <u>whatsoever</u>. Such an interpretation would allow the appeal of countless interlocutory matters, including orders granting continuances, orders setting trial dates, orders determining venue, and orders providing for bills of particulars or the production of documents. Manifestly, the legislature did not intend such a result. Therefore, we hold that since Ragan did not appeal from a final order or judgment of the general district court, the circuit court lacked jurisdiction to hear her appeal.

For these reasons, we will reverse and vacate the circuit court's judgment and reinstate the general district court's order denying Ragan's motion for a new trial in the unlawful detainer proceeding.

<u>Reversed and final judgment.</u>

CHIEF JUSTICE CARRICO, with whom JUSTICE COMPTON joins, dissenting.

I cannot agree with the majority that there is no appeal from an order of a district court denying a motion for a new trial in an unlawful detainer case. Under Code § 16.1-97.1, a litigant in a district court has a statutory right to move for a new trial. Under Code § 16.1-106, there shall be an appeal of

right to a circuit court from any order entered or judgment rendered in a court not of record in a civil case in which the matter in controversy is of greater value than fifty dollars. And under Code § 8.01-129, an appeal shall lie from the judgment of a general district court in an unlawful detainer case to a circuit court in the same manner and with like effect and upon like security as an appeal taken pursuant to the provisions of Code § 16.1-106.

Nothing in any of these Code sections precludes an appeal from an order denying a motion for a new trial in an unlawful detainer case.  Indeed, Code § 16.1-106 provides that there shall be an appeal of right from any order entered or judgment rendered in a court not of record in a civil case in which the matter in controversy is of greater value than fifty dollars. This language is certainly broad enough to include an order denying a motion for a new trial in an unlawful detainer case. And I have no trouble in finding that a matter in controversy is of greater value than fifty dollars when, as here, the matter involves the right of possession to a subsidized apartment renting for $154.00 per month.

Nor do I have the concern expressed by the majority that to adopt my view would allow the appeal of countless interlocutory matters, including orders granting continuances, orders setting trial dates, orders determining venue, and orders providing for

9

bills of particulars or the production of documents. Since such orders relate to matters of procedure, they are not of the dispositive nature of an order denying a motion for a new trial and not final in any sense of the word. Hence, they would not be appealable. On the other hand, motions for new trials generally relate to matters of substance, and orders denying such motions possess the attributes of final orders in the sense that they fully dispose of such substantive matters on the merits.

Accordingly, I would hold that the trial court had jurisdiction to hear Janice E. Ragan's appeal from the order of the general district court denying her motion for a new trial, and I would reverse the judgment of the trial court and remand the case for further proceedings consistent with the views expressed in Hubbard v. Henrico Ltd. Partnership, 255 Va. ___, 494 S.E.2d ___ (this day decided).