# CIRCUIT COURT OF FAIRFAX COUNTY

Reston Dental
Arts Center

v.

Shepherd

December 26, 2002

Case No. (Law) 200071

BY JUDGE JANE MARUM ROUSH

This matter came on for a hearing on October 3, 2002, on the defendant's motion to vacate a default judgment entered by the General District Court of Fairfax County on May 6, 1998. On July 22, 2002, the General District Court denied the defendant's motion to vacate the default judgment and the defendant appealed that denial to this Court.

On October 3, 2002, I entered an order dismissing the matter as non-appealable under the holding of *Ragan v. Woodcroft Village Apts.*, 255 Va. 322, 497 S.E.2d 740 (1998). The defendant moved for me to reconsider that ruling, and the final order in this case was suspended pending ruling on the motion to reconsider.

I have now had the opportunity fully to consider the defendant's motion to reconsider and the plaintiff's opposition. For the following reasons, the defendant's motion to reconsider will be granted and this matter will be reinstated on this Court's docket.

The facts of the case will be briefly reviewed. On May 6, 1998, the General District Court of Fairfax County entered a default judgment in favor of the plaintiff against the defendant in the amount of $249.00, plus 18% per annum interest from June 20, 1994, until paid, plus costs and attorney's fees of 20%. The defendant had been served through the Secretary of the Commonwealth at her last know address in Sterling, Virginia.

In 2002, the defendant, acting *pro se*, filed a motion in the General District Court to vacate the judgment on the basis that: "I was never served. I lived in Richmond, Va., 1993-1995 and New York 1995-2000. I have no knowledge of this debt." The General District Court denied that motion on July 22, 2002, and a timely appeal to this Court followed.

The issue in this case is whether the General District Court's order of July 22, 2002, denying the defendant's motion to vacate the default judgment is a final order for the purposes of appeal under Va. Code § 16.1-106.

In *Ragan*, the Virginia Supreme Court ruled that an order of a general district court denying a motion for a new trial in an unlawful detainer case is not appealable to a circuit court. Ragan, who participated in the general district court trial on the unlawful detainer action, did not appeal the court's award of possession of the leased premises to the landlord. Instead, she filed a motion for a new trial after the ten-day appeal period had expired. The landlord challenged the jurisdiction of the circuit court to consider the appeal. The Supreme Court agreed with the landlord that the general district's order denying Ragan's motion for a new trial was not appealable under Code § 16.1-106. The Court reasoned that a "final order or judgment [within the meaning of Code § 16.1-106] is one that disposes of the whole subject matter of the case and gives all of the relief contemplated." In Ragan's case, the final order was the one granting possession of the leased premises to the landlord.

This is not a case, as with *Ragan*, where the defendant chose not to appeal the adverse judgment. Ms. Shepherd, the defendant in this case, knew nothing of the general district court judgment when it was entered. In this case, although the defendant did not specify the grounds of her motion to vacate, she was presumably proceeding under Code § 8.01-428(A)(ii). The order of the General District Court denying the motion to vacate disposed on the whole subject matter of the requested relief. Therefore, under the rationale of *Ragan*, it is appealable under Code § 16.1-106.

The Virginia Supreme Court has reviewed at least two cases in which the circuit court entertained appeals of denials of motions to vacate judgments of district courts under Code § 8.01-428(A). *Washington v. Anderson*, 236 Va. 316, 373 S.E.2d 712 (1988), and *National Airlines v. Shea*, 223 Va. 578, 292 S.E.2d 308 (1982). Although those cases predated the *Ragan* decision, they were not distinguished or cited in *Ragan*. Presumably, if the Virginia Supreme Court thought that its decision in *Ragan* implicated the earlier cases, it would have cited them.

For the foregoing reasons, the defendant's motion for reconsideration will be granted.