PRESENT: Hassell, C.J., Keenan, Kinser, Lemons and Agee, JJ., and Stephenson and Lacy*, S.JJ.

ARCHITECTURAL STONE, LLC, ET AL.

OPINION BY
v.  Record No. 061797   SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
September 14, 2007
WOLCOTT CENTER, LLC, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Jerome James, Judge

The sole issue in this appeal is whether a district court's ruling on a motion to set aside a default judgment pursuant to Code § 8.01-428 is an appealable order under Code § 16.1-106.

I

On October 20, 2005, the General District Court of the City of Norfolk, in an unlawful detainer action, granted a default judgment in favor of plaintiffs Wolcott Center, LLC, and Lana Wolcott (collectively, Wolcott) and against defendants Architectural Stone, LLC, and Tim Watson (collectively, Architectural Stone). The judgment included a writ of possession of the subject property pursuant to Code § 8.01-128 and monetary damages.

On April 5, 2006, Architectural Stone filed in the general district court a motion to set aside the default judgment under Code § 8.01-428. On April 14, 2006, the general district court

---

* Justice Lacy participated in the hearing and decision of this case prior to the effective date of her retirement on August 16, 2007.

denied the motion to set aside the default judgment. Thereafter, Architectural Stone filed a timely appeal to the Circuit Court of the City of Norfolk.

Wolcott moved the circuit court to dismiss the appeal, arguing that the circuit court did not have jurisdiction to hear the appeal because the general district court's ruling was not an appealable order. The circuit court granted Wolcott's motion to dismiss, finding that it was without jurisdiction because the general district court's ruling on the motion to set aside the default judgment did not dispose of the merits of the unlawful detainer action.

II

The statutory law governing civil appeals to circuit courts from courts not of record is set forth in Code § 16.1-106, which states, in relevant part, the following:

> From any order entered or judgment rendered in a court not of record in a civil case in which the matter in controversy is of greater value than fifty dollars, exclusive of interest, any attorney's fees contracted for in the instrument, and costs, . . . there shall be an appeal of right, if taken within ten days after such order or judgment, to a court of record.

We interpreted Code § 16.1-106 in Ragan v. Woodcroft Village Apartments, 255 Va. 322, 497 S.E.2d 740 (1998), upon facts similar to those in the present case. In Ragan, a landlord brought an unlawful detainer action in a general

2

district court and obtained a judgment granting him possession of the subject property. The tenant did not appeal the judgment to the circuit court. Instead, the tenant filed a motion for a new trial, which the district court denied. Id. at 324-25, 497 S.E.2d at 741.

The tenant then appealed the denial of the motion for a new trial to the circuit court. The circuit court assumed, without deciding, that it had jurisdiction to hear the appeal, but denied the motion for a new trial on the merits. Id. at 325, 497 S.E.2d at 741.

On appeal, we said that the phrase, "any order," in Code § 16.1-106 granted appellate jurisdiction to the circuit court only over final orders and that "[a] final order or judgment is one that disposes of the whole subject of the case and gives all relief contemplated." Id. at 327, 497 S.E.2d at 743. We held that the district court's denial of the motion for a new trial was not a final order or judgment because it did not dispose of the merits of the unlawful detainer action. Rather, "the final judgment in the unlawful detainer proceeding was the judgment awarding [the landlord] possession of the leased premises." Id.

Architectural Stone seeks to distinguish the present case from Ragan. First, it contends that the phrase, "any order entered," in Code § 16.1-106 includes the ruling by the general district court to deny the motion to set aside the default

3

judgment. That ruling, according to Architectural Stone, was an appealable order from that court to the circuit court. This same claim was made by the tenant in Ragan, and we rejected such a broad interpretation of the statute. We said that "this language provides for an appeal only from final orders or judgments" and that "[a] final order or judgment is one that disposes of the whole subject of the case and gives all relief contemplated." Id. at 327, 497 S.E.2d at 743.

Second, Architectural Stone contends that an appeal of a ruling on a motion to set aside a default judgment under Code § 8.01-428 is distinct from an appeal of a ruling on a motion for a new trial under Code § 16.1-97.1. Code § 8.01-428(A) provides, in part, the following:

> Upon motion of the plaintiff or judgment debtor and after reasonable notice to the opposite party, his attorney of record or other agent, the court may set aside a judgment by default or a decree pro confesso upon the following grounds: (i) fraud on the court [or] (ii) a void judgment.

Architectural Stone asserts that the issues of fraud on the court and void judgments are "independent and distinct from the underlying issues in the unlawful detainer action." Continuing, Architectural Stone says that "[i]t is for this reason that a General District Court's ruling pursuant to a Code § 8.01-428 [m]otion must be considered an appealable [o]rder." We do not agree. Only final orders and judgments are appealable, and we

4

reiterate that a final order in the present case is one that disposes of the merits of the unlawful detainer action.

                                III

In the present case, the general district court's denial of the motion to set aside the default judgment was not an order or judgment that disposed of the merits of the unlawful detainer action.  Rather, the order that disposed of the merits of the unlawful detainer action was the default judgment entered on October 20, 2005, and that judgment was not appealed.

We hold, therefore, that the general district court's ruling to deny the motion to set aside the default judgment is not a final, appealable order or judgment.  Accordingly, we will affirm the circuit court's dismissal for lack of jurisdiction of Architectural Stone's appeal from the general district court.

                                                Affirmed.