# CIRCUIT COURT OF FAIRFAX COUNTY

Kamil Poullath

v.

Michael Rzasa

July 15, 2008

Case No. CL 2008-6551

By JUDGE RANDY I. BELLOWS

On June 20, 2008, this Court heard oral argument on Defendant's Motion to Strike Plaintiff's Notice of Appeal and ordered that "the parties shall file [briefs] on the sole issue of whether a dismissal without prejudice is a final, appealable order." The Court has now reviewed the briefs filed by the parties and is prepared to rule. Plaintiff argues that the dismissal without prejudice in the General District Court was in fact a final, appealable order, while Defendant argues that it was not. Plaintiff also argues that, "[b]y the time the [GDC] dismissed the case, the statute of limitations had run and a re-filing in [the GDC] was no longer an option. . . ." (Pl.'s Br. in Opp. at 2.) However, as Defendant notes, "[p]ursuant to Virginia Code § 8.01-229(E)(1), the plaintiff could have re-filed suit on the day of the dismissal without prejudice because the statute of limitations was tolled during the pendency of the suit." (Supp. Mem. of P. & A. in Support of Def.'s Mot. to Strike at 8.) This is because Plaintiff took a nonsuit on July 23, 2007, and then refiled in the GDC on January 22, 2008. For the reasons stated below, the Court finds that a dismissal without prejudice is not a final, appealable order for purposes of Va. Code § 16.1-106. Therefore, this Court must strike Plaintiff's notice of appeal, and dismiss this matter.

## Background

This case arises from an alleged motor vehicle accident involving Plaintiff, Kamil Poullath, and Defendant, Michael Rzasa. On July 12, 2006, Plaintiff filed a motion for judgment in the Fairfax County Circuit Court,

alleging injuries arising from that accident. On July 13, 2006, Amera Poullath, Plaintiff's wife and a passenger in the vehicle with her husband at the time of the accident, filed a similar motion for judgment in the Circuit Court. These two cases were later consolidated, but on July 23, 2007, the Poullaths took a voluntary nonsuit of the action.

On January 22, 2008, the Poullaths filed identical warrants in debt in the General District Court, stating that Defendant negligently struck them in the rear with his vehicle on August 3, 2004. Plaintiffs' claims were for $15,000.00, with interest at 6% from August 3, 2004, with costs. The return date was set for April 17, 2008. The file indicates that service was never perfected upon Defendant for either warrant in debt.

On April 17, 2008, Judge W. J. Minor dismissed Amera Poullath's Warrant in Debt without prejudice, presumably due to the fact that there was no service on Defendant, and thus Defendant was not present on the return date. The file does not contain the case disposition for Kamil Poullath's Warrant in Debt, but presumably it was identical to Amera Poullath's. Neither party contests this point. Plaintiff Kamil Poullath then promptly filed a notice of appeal of Judge Minor's dismissal order on April 23, 2008, and posted the required appeal bond on April 24, 2008.

The Court notes that both the Notice of Appeal and the Civil Appeal Bond list the wrong case number; each lists the case number corresponding to Amera Poullath's warrant in debt, rather than Kamil Poullath's. This apparent clerical error was corrected on June 17, 2008, by a "Corrected Notice of Appeal" issued by the Fairfax County Circuit Court Clerk.

*Analysis*

The issue presented here is one of first impression in Virginia, as there is no Virginia case law precisely on point.

In one other Virginia case, *Morrissey v. Benjamin*, 64 Va. Cir. 334 (2004), this specific issue arose, as the defendant in *Morrissey* argued that the circuit court lacked jurisdiction over plaintiff's appeal under *Ragan v. Woodcroft Village Apartments*, 255 Va. 322, 497 S.E.2d 740 (1998). However, the Circuit Court of the City of Richmond expressly declined to address the issue, stating as follows:

> Thus, what was appealed was the order dismissing the district court action without prejudice. Without the benefit of arguments on both sides of the issue, the court will not rule on whether *Ragan*'s holding applies to such dismissals, particularly in light

of the fact that such dismissal was not a basis for defendant's motion and the fact that the case will be disposed of on other grounds.

*Id.* at 336.

Case law addressing similar issues, however, supports the conclusion that the dismissal order entered in this case by the GDC was not a final, appealable order for purposes of Va Code § 16.1-106.

Va. Code § 16.1-106 pertains to appeals from courts not of record in civil cases and states in pertinent part:

> From any order entered or judgment rendered in a court not of record in a civil case in which the matter in controversy is of greater value than fifty dollars, exclusive of interest, any attorney's fees contracted for in the instrument, and costs, or when the case involves the constitutionality or validity of a statute of the Commonwealth, or of an ordinance or bylaw of a municipal corporation, or of the enforcement of rights and privileges conferred by the Virginia Freedom of Information Act (' 2.2-3700 et seq.), or of a protective order pursuant to § 19.2-152.10, there shall be an appeal of right, if taken within ten days after such order or judgment, to a court of record. Such appeal shall be to a court of record having jurisdiction within the territory of the court from which the appeal is taken.

Va. Code Ann. § 16.1-106 (LexisNexis 2008).

In *Ragan v. Woodcroft Village Apartments*, 255 Va. 322, 497 S.E.2d 740 (1998), the Supreme Court of Virginia interpreted the phrase "any order" from § 16.1-106 to apply only to "final orders or judgments." *Id.* at 327. In *Ragan*, the Court held that a GDC order denying a motion for a new trial in an unlawful detainer proceeding was not appealable, because the order appealed from "was not a final order or judgment," since "it did not dispose of the merits of the unlawful detainer summons." *Id.* at 327. Similarly, in *Architectural Stone, L.L.C. v. Wolcott Center, L.L.C.*, 274 Va. 519, 649 S.E.2d 670 (2007), the Supreme Court of Virginia held that, although a general district court's order entering a default judgment in an unlawful detainer action was an appealable order, the GDC's order denying a *motion to set aside* that default judgment was not. This was because, as in *Ragan*, the order denying the motion to set aside the default judgment "was not an order or judgment that disposed of the merits of the unlawful detainer action." *Id.* at 523.

In addition, "a nonsuit order is *not* a final judgment for appeal purposes unless a dispute exists whether the trial court properly granted the motion for nonsuit." *James v. James*, 263 Va. 474, 480, 562 S.E.2d 133 (emphasis added) (citing *Swann v. Marks*, 252 Va. 181, 184-85, 476 S.E.2d 170 (1996); *McManama v. Plunk*, 250 Va. 27, 32, 458 S.E.2d 759 (1995); *Mallory v. Taylor*, 90 Va. 348, 349 (1893)). The Court would note, however, that the Virginia Supreme Court has recognized a distinct difference between nonsuit orders for purposes of Rule 1:1 versus nonsuit orders for appeal purposes. A nonsuit order, even though not a final judgment for appeal purposes, is in fact a final order for purposes of Rule 1:1. See *James*, 263 Va. at 481. This is because "[t]he effect of [a] nonsuit in [a] comprehensive sense is to put an end to the pending suit without precluding another for the same cause of action." *Mallory v. Taylor*, 90 Va. 348, 18 S.E. 438 (1893).

Turning to the specific order at issue in the instant case, a dismissal with prejudice (as opposed to a dismissal without prejudice), "generally is 'as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff,' and it not only terminates the particular action, 'but also the right of action upon which it is based'." *Gilbreath v. Brewster*, 250 Va. 436, 463 S.E.2d 836 (1995) (citing *Virginia Concrete Co. v. Board of Supervisors*, 197 Va. 821, 825, 91 S.E.2d 415 (1956)). In contrast, a dismissal without prejudice essentially "*stands on the same footing as a nonsuit* and does not bar further action for the same cause." *Virginia Concrete Co. v. Board of Supervisors of Fairfax County*, 197 Va. 821, 826, 91 S.E.2d 415 (1956) (emphasis added) ("The mere dismissal of a case . . . stands on the same footing as a nonsuit and does not bar further action for the same cause."). The *Virginia Concrete* Court further states that "where the plaintiff voluntarily dismisses his suit or when it is dismissed involuntarily for reasons not affecting the merits of the case, the order should recite that the dismissal is without prejudice' . . . in order to avoid a plea of *res judicata* in future litigation." *Virginia Concrete Co. v. Board of Supervisors of Fairfax County*, 197 Va. 821, 826, 91 S.E.2d 415 (1956) (citing *Lile's Equity Pl. and Pr.*, 3d ed., § 273, p. 157) (emphasis added).

Thus, applying the above principles to the instant case, the Court holds that the dismissal without prejudice that was entered in the GDC is indistinguishable from the nonsuit order that was held to not be a final judgment for appeal purposes in *James*. Similar to a nonsuit, the effect of the dismissal without prejudice that was entered below was to put an end to that suit, without precluding another for the same cause of action. In addition, just as the orders appealed from in *Ragan* and in *Architectural Stone* were not appealable, in that they did not "dispose of the merits" of the underlying

action, so the dismissal order that was entered without prejudice in the GDC in the instant case did not dispose of the merits of that action. Thus, for all these reasons, the dismissal order entered in the GDC was not a final, appealable order for purposes of § 16.1-106.

Because the order entered below was not a final, appealable order, this Court therefore has no jurisdiction over this matter and must strike Plaintiff's Notice of Appeal. This matter is therefore dismissed.