## CIRCUIT COURT OF THE CITY OF NORFOLK

Elite Child, Inc.

v.

Thor Gallery
at Military Circle

December 8, 2010

Case No. (Civil) CL10-6044

BY JUDGE EVERETT A. MARTIN, JR.

This appeal from the General District Court has quite a procedural history, including four notices of appeal. The plaintiff filed a warrant in debt for $3500, which was the amount of its security deposit for a space it leased on the defendant's premises.

It obtained judgment for that amount, but the District Court granted a motion to rehear and vacated the judgment on May 28, 2010. The plaintiff appealed the granting of the motion to rehear on June 7. That matter was docketed in this Court under Civil No. CL10-4167. At a scheduling conference on October 1, no one for the plaintiff appeared, and I granted the defendant's motion to dismiss because the District Court order appealed from was not a final order. *Ragan v. Woodcroft Village Apts.*, 255 Va. 322, 497 S.E.2d 740 (1998). (I do not consider the order of October 1 to be a final order because other notices of appeal had been filed and were still before the Court.)

The matter was tried for the second time in the District Court on July 1. It seems the plaintiff did not appear. The District Court dismissed the warrant in debt, granted the defendant judgment on its counterclaim for $3500, and granted it $5855 in attorney's fees pursuant to the parties' lease.

On July 8, the plaintiff filed two more notices of appeal in this Court, one for the warrant in debt and one for the counterclaim. The plaintiff also filed a motion to rehear in the District Court. The motion to rehear was granted. The matter was tried for the third time in the District Court

on August 19. The District Court gave judgment to the defendant on the warrant in debt and judgment to the plaintiff on the counterclaim. The judge noted on the case disposition, "The $3500.00 security deposit was properly applied to the October 2009 license fee by Thor Gallery at Military Circle."

On August 30, the plaintiff noted an appeal of the District Court order of August 19. The defendant did not appeal.

By letter dated September 15 and filed in the Clerk's Office on September 22, Mr. Luther C. Edmonds, Vice-President of Elite Child, Inc., asked to withdraw the appeals filed on July 8.

The defendant filed a motion for summary judgment and for sanctions on October 7 and gave notice of a hearing for November 1. Mr. Luther C. Edmonds and Shane L. Smith, Esq., appeared at that time, and Mr. Edmonds requested a continuance so the plaintiff could retain counsel. I granted the motion, set the hearing for November 29, and I instructed Mr. Edmonds to retain an attorney who would be available that day. Mr. Edmonds apparently had appeared for the plaintiff throughout the District Court proceedings, but his license to practice law had been revoked on July 27, 2003.

Mr. Luther C. Edmonds and Shane L. Smith, Esq., appeared on November 29, and Mr. Edmonds stated that the plaintiff had been unable to obtain counsel. He then asked to suffer a nonsuit. Mr. Smith objected, claiming Mr. Edmonds had no authority to make the motion. I took the nonsuit motion under advisement, and Mr. Smith argued his other motions.

*Motion for a Nonsuit*

A corporation has a limited right to appear in a District Court by an officer who is not a licensed attorney. Code of Virginia § 16.1-88.03. Among the actions such an officer may take is the filing of a notice of appeal. Subsection (B) of that statute does not permit a "non-lawyer" to "argue motions." I am not aware of any statute or rule of the common law permitting a corporate officer who is not a licensed attorney to appear in this Court to make a motion. Mr. Edmonds had no authority to request a nonsuit, and thus the defendant's other motions must be considered.

It might be thought there is no reasoned distinction between allowing Mr. Edmonds to move for a continuance to obtain counsel and denying his motion to take a nonsuit. However, allowing him to move for a continuance to obtain counsel is giving the corporation an opportunity to be heard, a component of due process. Denying his motion for a nonsuit is preventing his unauthorized attempt to exercise a common law procedural remedy regulated by statute. The two motions stand on different footings.

*Motion for Summary Judgment*

Elite Child continued to occupy a store on the defendant's premises until October 9, 2009, but it paid no rent after September. Under paragraphs 11 of the leases, the defendant was authorized to apply the security deposit to the unpaid rent. I grant the defendant's motion for summary judgment.

*Sanctions*

The defendant relies on Code of Virginia § 8.01-271.1, not upon any provision of the leases, for sanctions. As a preliminary matter I must consider whether I may award sanctions for conduct that occurred in the District Court. Mr. Smith did not address the issue; Mr. Edmonds could not. The statute provides no answer; however, the law has long provided that an appeal annuls the District Court judgment and transfers the record to this Court for trial *de novo* as though the action had originally been brought here. *Addison v. Salyer*, 185 Va. 644, 40 S.E.2d 260 (1946). Thus, I do not have the authority to impose sanctions for what occurred in the District Court.

It does appear from the record Mr. Edmonds engaged in the unauthorized practice of law while the case was in the District Court. The defendant may refer Mr. Edmonds's conduct there to the Virginia State Bar or the Commonwealth's Attorney's Office, if it be so advised.

What conduct did Mr. Edmonds engage in here? He filed a notice of appeal on June 7 to the granting of a motion to rehear. That was without basis in law. *Ragan, supra.* What did Mr. Smith do in response? He filed a three-page motion to dismiss, gave notice of a hearing, and appeared in court.

Mr. Edmonds also filed notices of appeal on July 8, but those were rendered moot by the District Court's granting of the second motion to rehear. Mr. Edmonds sent a letter to the Clerk to withdraw the appeal, but he failed to mail a copy to Mr. Smith. This did not comply with Code of Virginia § 16.1-106.1(B). (Whether Mr. Edmonds had the authority to file the motion to withdraw the appeal is an issue I need not resolve.) It does not appear from a review of the file that the defendant incurred any attorney's fees in relation to those notices of appeal.

Mr. Edmonds filed the last notice of appeal on August 30. That went to the merits of the case. In response, Mr. Smith filed an excellent nine-page motion for summary judgment and sanctions with attachments. I have granted the motion for summary judgment. However, I do not know what, if any, factual or legal basis the plaintiff had for pursuing the case. Unrepresented by counsel, the plaintiff has had to stand mute. Perhaps it was a plea of unfairness that the full security deposit was lost for a nine day holdover. See e.g., *Northfield Investment Co. v. United Way*, 233 Va. 124,

129, 353 S.E.2d 774, 777 (1987). I decline to impose sanctions related to the last notice of appeal.

Mr. Smith shall submit a statement showing the legal fees the defendant incurred in response to the notice of appeal of June 7.