COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Raphael and Callins

OKSANA MARINARO

v.      Record No. 1803-22-1

ZIMMER & LEWIS ATTORNEY
  AND COUNSELLORS AT LAW

MEMORANDUM OPINION[*]
PER CURIAM
JUNE 6, 2023

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
H. Thomas Padrick, Judge Designate

(Oksana Marinaro, on brief), *pro se*.

No brief or argument for appellee.


Oksana Marinaro appeals an order of the Circuit Court of the City of Virginia Beach dismissing her appeal of an order of the Virginia Beach General District Court (GDC) denying her motion to set aside the GDC's judgment. Marinaro argues the circuit court erred in finding that it did not have jurisdiction to consider her appeal and in failing to set aside the GDC's judgment. Marinaro, however, did not preserve an objection to the circuit court's ruling below. Therefore, her arguments on appeal are waived under Rule 5A:18. Consequently, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit" and affirms the order of the circuit court. Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

BACKGROUND

On appeal, we review the evidence in the light most favorable to the prevailing party, here, Zimmer & Lewis Attorney and Counsellors at Law (Zimmer). *Nielsen v. Nielsen*, 73 Va. App. 370, 377 (2021).

At a hearing held November 18, 2021, the GDC granted Zimmer's warrant in debt, rendering judgment against Marinaro in the amount of $3,729, plus interest, for "non-payment for services rendered—guardian ad litem," and entered an order to that effect. The record reflects that Marinaro was present at the hearing. Several months later, on August 5, 2022, Marinaro filed a "notice and motion to set aside judgement and dismiss with prejudice" the warrant in debt. Among other things, Marinaro argued that Zimmer did not provide her with proper notice of the warrant in debt. The GDC "heard and denied" Marinaro's motion.

Marinaro then appealed to the circuit court, and the court dismissed the matter for lack of jurisdiction. In support of dismissal, the circuit court found that the November 18, 2021 GDC order was a final order and that the statute requires that appeals from a final order of the general district court be noted within ten days of the entry of the final order. *See* Code § 16.1-106. Further, the circuit court found that although Code § 16.1-106 "provides for the right of appeal from any order entered in a general district court that alters, amends, overturns, or vacates any prior final order," the GDC had not altered, amended, overturned, or vacated its November 18, 2021 order. Citing *Architectural Stone, LLC v. Wolcott Center, LLC*, 274 Va. 519 (2007), the circuit court held that a general district court "ruling to deny a motion to set aside a judgment is not an appealable order." Marinaro then moved to vacate the circuit court's order. The circuit court did not rule on Marinaro's motion. Marinaro now appeals.

ANALYSIS

On appeal, Marinaro argues that the GDC "was without jurisdiction to" render judgment on the warrant in debt, as her "divorce case" "was [then] pending in this Court and later in the" circuit court. Marinaro also claims that the circuit court erred in finding that it did not have jurisdiction to consider her appeal from the GDC because she was challenging the underlying "validity" of the GDC's judgment and its jurisdiction. She contends, quoting *Rook v. Rook*, 233 Va. 92, 95 (1987), that such a voidness challenge enables her to attack the GDC's "judgement and its jurisdiction . . . 'in any court at any time[.]'" Marinaro also alleges that the circuit court erred in failing to set aside the GDC's judgment against her.

However, Marinaro did not, simultaneous with its issuance, challenge the circuit court's ruling that it did not have subject matter jurisdiction to hear the appeal. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "One of the tenets of Virginia's jurisprudence is that trial counsel must timely object with sufficient specificity to an alleged error at trial to preserve that error for appellate review." *Perry v. Commonwealth*, 58 Va. App. 655, 666 (2011). "The purpose of Rule 5A:18 is 'to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals.'" *Friedman v. Smith*, 68 Va. App. 529, 544 (2018) (quoting *Andrews v. Commonwealth*, 37 Va. App. 479, 493 (2002)).

Although Marinaro timely filed and docketed her motion to vacate, there is no evidence in the record that the circuit court heard or ruled on her motion. Nor does the record include an order from the circuit court modifying, vacating, or suspending its judgment within 21 days of entry of the final order. "All final . . . orders . . . remain under the control of the trial court and

may be modified, vacated, or suspended for [21] days after the date of entry, and no longer."

Rule 1:1(a). "Neither 'the filing of post-trial or post-judgment motions, nor the trial court's taking such motions under consideration, *nor the pendency of such motions* on the twenty-first day after final judgment is sufficient to toll or extend the running of the [21] day time period of Rule 1:1.'" *Wells v. Shenandoah Valley Dep't of Soc. Servs.*, 56 Va. App. 208, 213 (2010) (quoting *Super Fresh Food Mkts. v. Ruffin*, 263 Va. 555, 560 (2002)). "The [21]-day period is only tolled after entry of a final order or judgment through entry of an order that 'expressly modifies, vacates, or suspends the judgment.'" *Id.* (quoting *Ruffin*, 263 Va. at 562). Accordingly, the circuit court's jurisdiction to rule on the motion to vacate expired 21 days after the final order was entered on October 28, 2022. "Because appellant did not obtain a ruling from the trial court on [her post-trial] motion, 'there is no ruling for [this Court] to review' on appeal, and [her] argument is waived under Rule 5A:18." *Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010) (second alteration in original) (quoting *Fisher v. Commonwealth*, 16 Va. App. 447, 454 (1993)); *see Bethea v. Commonwealth*, 68 Va. App. 487, 498 (2018) ("[W]hen a party fails to obtain a ruling on a matter presented to a trial court, there is no ruling [for this Court] to review on appeal." (second alteration in original) (quotation marks and citation omitted)).

Moreover, to the extent that Marinaro relies on *McGee v. Commonwealth*, 4 Va. App. 317, 321-22 (1987), to assert the ends-of-justice exception to Rule 5A:18, we reject this assertion. In *McGee*, we determined that although the appellant's specific objections to the trial court's judgment were not preserved, considering the unpreserved objections on appeal "enable[d] us to attain the ends of justice." *Id.* at 322. Notwithstanding her equivocal reference to *McGee*, Marinaro has not expressly invoked the ends-of-justice exception to Rule 5A:18, and this Court will not do so *sua sponte*. *See Spanos v. Taylor*, 76 Va. App. 810, 827-28 (2023)

- 4 -

("[The appellant] has not invoked either exception to Rule 5A:18, and we do not consider them *sua sponte*.").

Therefore, we will not consider Marinaro's assignments of error on appeal.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

*Affirmed.*