COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Humphreys, White and Retired Judge Frank[*]


APRIL D. GALLOP

                                                              MEMORANDUM OPINION[**]
v.       Record No. 1715-22-2                                 PER CURIAM
                                                              JUNE 6, 2023

CAMERON BAY HOMEOWNERS ASSOCIATION


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                         Steven C. McCallum, Judge

          (April Gallop, on briefs), *pro se*.

          (David H. Solodar; Lenora Solodar; Solodar & Solodar, on brief), for
          appellee.


        April D. Gallop, *pro se*, appeals the Chesterfield County Circuit Court's order dismissing

her appeal of the Chesterfield County General District Court's ("GDC") order  denying her motion

to set aside an earlier order granting Cameron Bay Homeowners Association's ("Cameron Bay")

warrant in debt for unpaid condominium fees.  On appeal, Gallop seeks to challenge the underlying

order granting Cameron Bay's warrant in debt.  Gallop also argues that the circuit court's dismissal

of her appeal of the GDC's denial of her motion to set aside the warrant in debt for lack of

jurisdiction was "misguided."  After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a).  For the following reasons, we affirm the circuit court's

judgment.

        _____

        [*] Retired Judge Frank took part in the consideration of this case by designation pursuant
to Code § 17.1-400(D).

        [**] This opinion is not designated for publication.  *See* Code § 17.1-413.

BACKGROUND

Under familiar appellate principles, we defer to the circuit court's factual findings and state the facts in the light most favorable to Cameron Bay, the prevailing party below. *Koons v. Crane,* 72 Va. App. 720, 732 (2021). On January 26, 2022, the GDC entered judgment for Cameron Bay against Gallop in the amount of $525. Gallop did not appeal the GDC's order. In March 2022, however, Gallop filed a "motion to set aside default judgment" in the GDC. The GDC denied the motion, and Gallop appealed to the circuit court.

In the circuit court, Cameron Bay filed a motion to dismiss, arguing that the circuit court did not have jurisdiction under Code § 16.1-106 to consider Gallop's appeal.[1] Gallop opposed the motion. The circuit court granted Cameron Bay's motion to dismiss. The circuit court summarized Gallop's appeal as "not [challenging] the validity (vel non) of the debt asserted in the warrant in debt, but rather the lower court's denial of a Motion to Set Aside/Vacate the judgment that the debt claimed is due." Citing *Ragan v. Woodcroft Village Apartments*, 255 Va. 322 (1998), the circuit court found that Gallop's appeal was not from a final order or judgment and that the circuit court

---

[1] Code § 16.1-106 provides for appeals from the GDC in civil cases and states in relevant part that an appeal may be taken

> [f]rom any order entered or judgment rendered in a court not of record in a civil case in which the matter in controversy is of greater value than $20, . . . or when the case involves the constitutionality or validity of a statute of the Commonwealth, or of an ordinance or bylaw of a municipal corporation, or of the enforcement of rights and privileges conferred by the Virginia Freedom of Information Act (§ 2.2-3700 et seq.), or of a protective order pursuant to § 19.2-152.10, or of an action filed by a condominium unit owners' association or unit owner pursuant to § 55.1-1959, or of an action filed by a property owners' association or lot owner pursuant to § 55.1-1819, or from any order entered or judgment rendered in a general district court that alters, amends, overturns, or vacates any prior final order, there shall be an appeal of right, if taken within 10 days after such order or judgment, to a court of record.

lacked jurisdiction over the appeal. The circuit court remanded the matter to the GDC. Gallop appeals.

ANALYSIS

I. Jurisdiction

Much of Gallop's argument on appeal challenges the underlying award of the warrant in debt to Cameron Bay. Gallop, however, did not appeal the GDC's order granting the warrant in debt, and the GDC's order became final. *See* Code § 16.1-106(A); Rule 1:1(a).

Gallop does not challenge the circuit court's holding that her appeal was of the GDC's denial of her motion to set aside default judgment. Rather, Gallop argues the circuit court erred in dismissing her appeal for lack of jurisdiction because the circuit court's reliance on *Ragan* was "misguided." Gallop contends that the appellant in *Ragan* "did not in any way address the final judgment," while, in comparison, Gallop "addressed the final judgment in her motion to set aside judgment." Gallop argues that, based on this distinction, the circuit court erred in dismissing her appeal for lack of jurisdiction.

Whether the record establishes subject matter jurisdiction in a particular case is a question of law reviewed de novo on appeal. *Parrish v. Fed. Nat'l Mortg. Assoc.*, 292 Va. 44, 49 (2016). As noted above, the circuit court relied upon *Ragan* to determine that Gallop's appeal from the GDC's denial of her motion to set aside was not from a final order or judgment and that the circuit court lacked jurisdiction over the appeal. In *Ragan*, the Supreme Court held that "[a] final order or judgment is one that disposes of the whole subject of the case and gives all relief contemplated." *Ragan*, 255 Va. at 327. The Supreme Court determined that although a GDC order entering a default judgment in an unlawful detainer action was an appealable order, the GDC's order denying a motion to set aside that default judgment was not because it "was not a final order or judgment [that] dispose[d] of the merits of the unlawful detainer summons." *Id.* Likewise, in *Architectural*

*Stone, LLC v. Wolcott Center, LLC*, 274 Va. 519, 523 (2007), the Supreme Court of Virginia held that a GDC's ruling to deny a motion to set aside a default judgment was not a final, appealable order or judgment.

We find the circuit court did not err in holding that Gallop's appeal from the GDC's denial of her motion to set aside default judgment was not from a final order or judgment and that the circuit court correctly determined that it lacked jurisdiction over Gallop's appeal. *See Ragan*, 255 Va. at 327. We reject Gallop's unsupported attempt to distinguish the facts of this case from that in *Ragan* by emphasizing that she sought to challenge the underlying order granting Cameron Bay's warrant in debt. As Gallop's appeal was from the GDC's denial of her motion to set aside default judgment, we therefore hold that the circuit court did not err in dismissing Gallop's appeal for lack of jurisdiction.

## II. Attorney fees

Cameron Bay asks this Court to award it attorney fees and costs incurred on appeal. "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." *Friedman v. Smith*, 68 Va. App. 529, 545 (2018). Having reviewed and considered the entire record in this case, we grant Cameron Bay's request for a reasonable amount of attorney fees and costs incurred on appeal. We remand this case to the circuit court for determination and award of the appropriate appellate attorney fees and costs, which also should include any additional attorney fees incurred at the remand hearing. Rule 5A:30(b).[2]

---

[2] Cameron Bay's request for this Court to impose a prefiling injunction on Gallop is denied. We further deny Gallop's request for accommodation under the Americans with Disabilities Act, as we dispensed with oral argument.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed. We remand this case to the circuit court for determination and award of the appropriate appellate attorney fees, which also should include any additional attorney fees incurred at the remand hearing.

*Affirmed and remanded.*