COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Causey, Lorish and White


KENNETH P. DUBS, SR.

MEMORANDUM OPINION* BY
v.      Record No. 0797-22-2                  JUDGE DORIS HENDERSON CAUSEY
MAY 28, 2024

THOMAS MANCUSO


FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Cheryl V. Higgins, Judge

(Ann M. Callaway; Ann M. Callaway, P.C., on briefs), for appellant.
Appellant submitting on briefs.

(Gregory S. Duncan, on brief), for appellee.  Appellee submitting
on brief.


Kenneth P. Dubs, Sr. appeals the circuit court's order dismissing, for lack of subject-matter

jurisdiction, his appeal of the district court's denial of his motion to set aside a default judgment.

Dubs argues that the Supreme Court of Virginia case on which the circuit court relied, *Architectural*

*Stone, LLC v. Wolcott Center, LLC*, 274 Va. 519 (2017), should be overruled.  Because

*Architectural Stone* held that a district court's order denying a motion to set aside a default

judgment under Code § 8.01-428 is not a final appealable order, we affirm the circuit court's

judgment.[1]

### BACKGROUND

Dubs, a California resident, advertised on the internet site eBay to sell his 1948 Ford

automobile.  Thomas Mancuso, a Virginia resident, sent Dubs a message through eBay's website,

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] The parties waived oral argument.  Code § 17.1-403.

asking Dubs to call him in Virginia. Dubs and Mancuso then engaged in a series of telephone calls and email messages, resulting in an agreement for Mancuso to buy the Ford. On August 1, 2019, Dubs sent a contract to Mancuso, who wired money for the purchase to Dubs the next day.

Mancuso registered the Ford in Virginia but later became dissatisfied with the vehicle. On February 17, 2021, Mancuso filed a warrant in debt in the General District Court of Albemarle County, alleging that Dubs had breached warranties and violated the Virginia Consumer Protection Act. Mancuso sought damages of $25,000 and attorney fees of $5,000, plus costs. Mancuso effected service on the Secretary of the Commonwealth under Code § 8.01-329, and the Secretary filed a certificate of compliance with the general district court. On April 8, 2021, the general district court entered a default judgment against Dubs in Mancuso's favor.

In the summer of 2021, Mancuso filed a garnishment against Dubs, again effecting service on the Secretary of the Commonwealth. The Secretary mailed the garnishment summons and paperwork to Dubs at the same address as had been used for mailing the warrant in debt. Dubs maintains that he never received the warrant in debt nor knew about it before entry of the default judgment. Dubs also contends that he did not receive the garnishment summons mailed by the Secretary but instead received the garnishment paperwork from Mancuso.

On August 30, 2021, Dubs moved the general district court under Code § 8.01-428(A) to set aside the default judgment, asserting that the judgment was void because the general district court lacked personal jurisdiction over him. After a hearing, the general district court found that Dubs had "engaged in sufficient 'purposeful activity' in Virginia as required to establish personal jurisdiction." Accordingly, the general district court denied the motion to set aside the default judgment. Dubs appealed that order to the circuit court.

Mancuso moved the circuit court to dismiss the appeal, arguing that the order denying Dubs's motion to set aside the default judgment was not a final order under *Architectural Stone*.

The circuit court found that the general district court's order denying Dubs's motion to set aside the default judgment was not a final order under *Architectural Stone*. Thus, the circuit court dismissed Dubs's appeal for lack of subject-matter jurisdiction. Dubs appeals.

ANALYSIS

Perfection of Appeal

Mancuso argues that Dubs failed to perfect his appeal from the general district court to the circuit court. Mancuso contends that Dubs only "deposit[ed] a check in the bond amount with the general district court" but that "the bond form was unsigned by Mr. Dubs or anyone acting on his behalf." Thus, Mancuso asserts that the circuit court did not have jurisdiction over the proceedings. We disagree because Dubs timely corrected the signature defect under Rule 1:5A.

Under Rule 1:5A, "[s]ignature defects in appellate filings, including the notice of appeal, must be raised in the appellate court where the appeal is taken." Further, under this rule:

> A signature defect must be cured within 21 days after it is brought to the attention of the pleader or movant, as required under Code § 8.01-271.1(G). If a signature defect is timely and properly cured, the pleading, motion, or other paper is deemed valid and relates back to the date it was originally served or filed.

Assuming arguendo, as Mancuso does for the purposes of this argument, that the district court's November 15, 2021 order was appealable to the circuit court, Dubs timely cured the signature defect. Mancuso raised the appeal bond signature defect in the circuit court in his motion to dismiss filed January 10, 2022. Dubs cured the defect by filing a signed appeal bond form, attached to his response to Mancuso's motion to dismiss, filed January 31, 2022—within the 21 days a pleader has to cure such defect. Thus, Dubs's appeal to the circuit court was properly perfected.

Mancuso argues that Dubs did not file the signed appeal bond form until February 2, 2022, which would have been past the deadline for curing a signature defect. However, in its

order dismissing Dubs's appeal, the circuit court found that "on or about January 31, 2022, [Dubs] filed a signed Civil Appeal Bond."

"[W]e will reverse the factual finding of the trial court only if it is plainly wrong or without evidence to support it." *Zelnick v. Adams*, 269 Va. 117, 123 (2005). "When not filed electronically, a pleading is filed when it is physically delivered to the clerk of court," as opposed to the date the clerk stamped the pleading as "filed." *Alexandria Redevelopment & Hous. Auth. v. Walker*, 290 Va. 150, 155-57 (2015) ("It is true that a circuit court clerk's 'filed' stamp is usually conclusive evidence of the filing date, . . . but that does not render the timing of the filing incontrovertible.").

Here, the record is unclear as to when Dubs filed the signed appeal bond form, and thus we cannot say that the circuit court's finding that Dubs filed it on or about January 31, 2022, was plainly wrong. The record shows that the circuit court clerk stamped Dubs's response with the signed appeal bond form attached as "filed" on February 2, 2022. But the last page of the response states that the response was "[r]espectfully submitted this day of January 31, 2022." On that same page, Dubs's counsel certified that "certif[ied] that on January 31, 2022 [she] emailed and mailed a copy of the foregoing motion to" Mancuso's counsel. It is unclear if Dubs faxed the response to the circuit court on January 31, 2022, and/or filed it electronically that same day. Thus, we will not disturb the trial court's finding that Dubs filed the signed appeal bond form on January 31, 2022.

Mancuso also argues that Dubs did not cure the signature defect in the appeal bond because the signed appeal bond "was not filed in the General District Court." However, Mancuso does not cite any authority that requires the signed appeal bond form to be filed in the court from which the appeal is taken, and thus we treat this argument as waived. *See Mitchell v. Commonwealth*, 60 Va. App. 349, 351 (2012) ("Based on appellant's counsel's failure to cite

sufficient legal authority in support of appellant's argument on brief, we find that appellant has waived review of this issue and decline to address it.").

<u>Finality of District Court Order Denying Motion to Set Aside Default Judgment</u>

Dubs concedes that under *Architectural Stone*, the circuit court lacked subject-matter jurisdiction over the appeal of the denial of his motion to set aside the default judgment. We agree that the procedural posture of this case is identical to that in *Architectural Stone* and compels the same outcome. As here, in *Architectural Stone*, the Supreme Court addressed "whether a district court's ruling on a motion to set aside a default judgment pursuant to Code § 8.01-428 is an appealable order under Code § 16.1-106." 274 Va. at 521. The Supreme Court held that a district court's order denying a motion to set aside a default judgment "is not a final, appealable order or judgment" under Code § 16.1-106. *Id.* at 523. "'[W]e are bound by decisions of the Supreme Court of Virginia and are without authority to overrule' them." *Vay v. Commonwealth*, 67 Va. App. 236, 258 n.6 (2017) (quoting *Roane v. Roane*, 12 Va. App. 989, 993 (1991)). Thus, we must uphold the circuit court's dismissal of Dubs's appeal for lack of subject-matter jurisdiction.

CONCLUSION

Dubs properly cured the signature defect in his appeal bond under Rule 1:5A. Under *Architectural Stone*, the general district court's ruling to deny the motion to set aside the default judgment is not a final, appealable order or judgment. Thus, we affirm the circuit court's judgment dismissing Dubs's appeal from the general district court for lack of subject-matter jurisdiction.[2]

*Affirmed.*

---

[2] During the pendency of this appeal, Mancuso twice moved this Court to dismiss the appeal. Given our resolution of this appeal, we deny as moot Mancuso's motions to dismiss.

Causey, J., concurring.

I concur in the majority opinion because I agree that we are bound by the holding in *Architectural Stone*. But I do so reluctantly because *Architectural Stone*, as it applies to cases like this one in which a defendant claims that the court lacked personal jurisdiction over him, results in a ruling that contravenes the due process concerns inherent in the personal jurisdiction doctrine. Because the holding here subjects Dubs, a citizen of a foreign state to a judgment in a state with which he has minimal contacts, when he maintains that he never had notice of the proceedings, it is time that *Architectural Stone* be reconsidered to ensure that procedural due process rights are upheld. *See Payne v. Tennessee*, 501 U.S. 808, 828-30 (1991) (citing Supreme Court of Ohio justices' declination to follow U.S. Supreme Court cases *South Carolina v. Gathers*, 490 U.S. 805 (1989), and *Booth v. Maryland*, 482 U.S. 496 (1987), as motivation for overruling those cases).

Here, Dubs requests the default judgment to be set aside because the district court lacked personal jurisdiction over him. There was no argument in *Architectural Stone* that the district court lacked personal jurisdiction over the defendant.

Under Code § 8.01-428, "the court may set aside a judgment by default" if the judgment is "void." A judgment is void if the court lacks personal jurisdiction over the defendant. *McCulley v. Brooks & Co. Gen. Contractors*, 295 Va. 583, 590-91 (2018); *Koons v. Crane*, 72 Va. App. 720, 732 (2021).

The doctrine of when a state may exercise personal jurisdiction over a defendant is grounded in procedural due process and notice concerns rooted in the Fourteenth Amendment of the United States Constitution. Under the Due Process Clause of the Fourteenth Amendment, "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The Fourteenth Amendment's Due Process Clause limits a state court's power to exercise jurisdiction over a defendant." *Ford Motor Co. v. Montana Eighth*

- 6 -

*Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). In addition, "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is *notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections*." *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (emphasis added).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). "[D]ue process requires . . . that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain *minimum contacts* with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe*, 326 U.S. at 316 (emphasis added) (quoting *Milliken* v. *Meyer*, 311 U.S. 457, 463 (1940)). Inherent in the minimum contacts test is the notion that a defendant "has established such contacts with the state that the particular form of substituted service adopted there *gives reasonable assurance that the notice will be actual*." *Id.* at 320. Accordingly, "the Due Process Clause . . . prevent[s] rules that would unfairly enable" plaintiffs "*to obtain default judgments against unwitting*" out-of-state defendants. *See Burger King*, 471 U.S. at 486 (emphasis added).

Dubs requests relief from a default judgment entered against him on April 8, 2021. He maintains that he did not have notice of the proceedings against him until he received garnishment paperwork to affect the default judgment against him. On August 30, 2021, Dubs moved the district court to set aside the judgment. Presumably, Dubs's motion to set aside the default judgment came nearly five months after entry of the default judgment because of Dubs's lack of notice. Because of this lack of notice, Dubs could not have timely appealed the final judgment—the April 8, 2021

order. Dubs's motion to set aside the default judgment contests the district court's personal jurisdiction over Dubs. As stated above, inherent in the minimum contacts analysis is the concern that a defendant, in not having sufficient minimum contacts with a state, is unlikely to have notice of the proceedings against him and thus is deprived of procedural due process, as Dubs alleges occurred here. *International Shoe* and progeny have also emphasized that another concern of the minimum contacts analysis is preventing default judgments against defendants who have insufficient minimum contacts with a state, which Dubs also alleges occurred here.

The effect of our ruling here, which we are bound to make under *Architectural Stone*, is to turn the concerns of *International Shoe* and progeny on its head. Dubs has no further recourse from the judgment against him because the time to appeal the April 8, 2021 default judgment expired ten days after that judgment. Code § 8.01-129. Presumably, Dubs did not timely appeal that judgment because he did not have actual notice of the proceedings. When Dubs received actual notice of the proceedings, he contested the default judgment with the only vehicle available to him—a motion to set aside such judgment under Code § 8.01-428. His basis for setting aside the default judgment was that the courts of the Commonwealth do not have personal jurisdiction over him. His allegation that the Commonwealth lacks personal jurisdiction over him is fortified by his claim that he had no notice of the proceedings against him—as *International Shoe* and progeny demonstrate, the minimum contacts test contemplates that a defendant who has sufficient minimum contacts with a state would have fair notice of proceedings against him in that state. And it is due to Dubs's lack of notice that he was unable to timely appeal the final order and now, after the district court's denial of his motion to set aside such judgment, has no further recourse. How can we expect someone to adhere to the procedural deadlines to appeal a judgment of which he has no knowledge?

So, although the circuit court correctly found that it did not have subject-matter jurisdiction under *Architectural Stone*, the judicial mandate that we follow *Architectural Stone* under the

- 8 -

circumstances here produces an anomalous result contrary to the due process concerns inherent in the personal jurisdiction doctrine stated in *International Shoe* and progeny. Thus, I reluctantly affirm the circuit court's dismissal of Dubs's appeal from the general district court for lack of subject-matter jurisdiction.